# Scheer *v.* Melville, Appellant.

*Negligence—Automobiles—Position of danger — Defective machine—Inspection—Known defect—Independent contractor—Master and servant.*

1. A person who is not in a position of recognized danger at the time of the accident, cannot be charged with contributory negligence merely because he had occupied a dangerous place before that time.

2. Where a defect in machinery is actually known to the employees deputed to operate it, the employer will be held liable, in case it causes injury to a third person, even though the master has not been personally advised of the defect.

3. Under such circumstances a previous adequate inspection, while admissible in evidence, cannot defeat the right of recovery because of later defects, known to exist.

4. One who employs an independent contractor to do certain work, does not become the master of those who do the work, or a participant in it, merely by reason of his presence at the time it is done.

*Evidence—Witness—Contradictory statements—Oral evidence—Case for jury.*

5. Evidence of contradictory statements made by witnesses is admissible only for the purpose of contradiction, and not to establish the facts stated in that evidence.

6. Oral evidence produced by one who has the burden of proof, must be submitted to the jury for their consideration, unless the opposite party admits it is true.

Submitted January 17, 1924.    Appeal, No. 156, Jan. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1921, No. 3590, on verdict for plaintiff, in case of Barney Scheer v. James Melville, trading as Millbourne Storage Co.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Trespass for personal injuries.    Before GORDON, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $6,572.    Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Wm. W. Smithers,* for appellant.

*Earle Hepburn,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, February 11, 1924:
Plaintiff recovered a verdict and judgment in an action of trespass for negligence, and defendant appeals. The principal complaint of the latter is that the trial judge erred in refusing his point for binding instructions.    In considering this contention, the evidence being entirely oral, differences, in so far as they exist, must be resolved in favor of plaintiff's version of the matter: Fuller v. Stewart Coal Co., 268 Pa. 328.    Thus stated, the facts are as follows:

Defendant, a truckman for hire, agreed to haul certain rubber for plaintiff, and to supply a motor truck and driver to do this, plaintiff to go along solely for the purpose of pointing out the material to be hauled. He called at defendant's garage, in accordance with this arrangement; defendant's foreman, who was in charge, selected the truck to be used and the employee to drive it. While in use the day before, it had developed brake trouble, but no report of this fact had been made by the employee who had been driving it at that time. On the day of the accident, the motor of the truck refused to start, and defendant's foreman, in order to cause it to run, directed another employee to tow it by the use of a chassis, a rope twenty or thirty feet long being used for the purpose. Before the attempt was made, plaintiff was told to get on the chassis, so that there would be no delay, in case the truck was successfully started. He did so; while being towed, the motor of the truck began to operate, and the employee on it signalled the driver of the chassis to stop. This he did, and plaintiff alighted from it. Because of the defective brake, already referred to, the truck could not be stopped, however, but continued forward, running into plaintiff, where he was standing on the ground, and he was seriously injured before he could get out of its way.

It is not necessary to determine whether or not plaintiff's position on the chassis, with his feet dangling over the rear end, was, under the circumstances, so obviously a dangerous one, as to deprive him of recovery, if the accident had happened while he was there, (as to which see McClung v. Pennsylvania Taximeter Cab Co., 252 Pa. 478) for, as already stated, he was not injured then, but while standing on the ground, and hence the risk of his former position on the chassis was no longer a factor: Boulfrois v. United Traction Co., 210 Pa. 263; Besecker v. Delaware, Lackawanna & Western R. R. Co., 220 Pa. 507.

The other suggestions touching this branch of the case, require but little consideration. Appellant first claims there was "no defect in the brake known or capable of being ascertained before the moment of the accident." This contention wholly overlooks the fact that the defect was known to defendant's employee on the previous day. It is also claimed there was "no evidence of authority from the defendant to carry plaintiff on the chassis," and, for this reason, it was error to admit evidence that defendant's foreman told plaintiff to get on it. As he was not on it at the time of the accident, his former position there was a matter of no consequence, for the reasons already given. Moreover, there was evidence that defendant's foreman, for the purpose of saving time, in case the truck should start, directed plaintiff to go there. It is also alleged that plaintiff, being "a participant, was as much a principal as the defendant himself." He had not, however, anything to do with the selection of the truck or with its running; he only went along in order to point out the material to be hauled. So far as concerns the question of binding instructions, it is finally argued that when plaintiff "accepted the designation of this truck and this chauffeur, [the latter] became temporarily his employee, for whose acts the defendant should not be held." This amounts to saying that, where a man commissions an independent contractor to do certain work and was present at the time of its performance, but does not undertake to interfere with the manner in which it is being done, nevertheless the employees of the independent contractor lose that status, and become servants of a man who never employed them, merely by reason of his presence when they did the work for their actual employer. Further comment is unnecessary.

In contradiction of the testimony of certain witnesses for plaintiff, defendant offered inconsistent written statements previously made by them, and complains now because the court below said: "If you discard those wit-

nesses by reason of the introduction of those papers, you will disregard their testimony in your minds, but you will not substitute the statements in the signed papers as evidence, because that is not the way things are proved in a judicial trial." Contrary to defendant's contention on this point, it would have been serious error to have allowed the papers to be admitted or used for any other purpose than that of contradiction.

Finally, it is claimed there was error in submitting to the jury the question whether or not defendant, or his employees, had "inspected that truck at the proper time, and in a reasonable and careful manner so as to disclose this trouble." The objection to this submission is that "there was not a word of testimony showing that the inspection of a week before was inadequate, or that an inspection at any time prior to the accident would have indicated that the defect existed." Both of those statements are correct, but they do not show error in the charge. As already stated, there was actual knowledge of the defect, by reason of the action of the truck the day before; in addition to which the defense of a proper inspection was an affirmative one, which defendant himself interposed for the purpose of showing he was not charged with notice of the defective brake. All his evidence to sustain this contention was oral, however, and hence had to be submitted to the jury: Hagan Lumber Co. v. Duryea School District, 277 Pa. 345.

The judgment of the court below is affirmed.