Pataky *v.* Allen Motor Co. and New York
Indemnity Ins. Co., Appellant.

Argued December 8, 1930.

Before TREXLER, P.
J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE
and WHITMORE, JJ.

*Daniel L. McCarthy,* and with him *Fox & Fox,* for appellant.

*Taylor, Schrader and Taylor,* for appellee.

OPINION BY TREXLER, P. J., December 27, 1930:

There is but one question submitted, ''Was there sufficient legal and competent proof to sustain a claim under the Workmen's Compensation Act?'' We agree with the referee, the Workmen's Compensation Board and the court below that there was. In support of the claim, the following evidence was produced: When working under a car in the garage of the Allen Motor Company Pataky, plaintiff's deceased husband, was about twenty or thirty feet away from an automobile which was running and discharging from the exhaust. Pataky quit work, stating that he could not stand the gas and wanted to go home. When he came home, he told his wife that the gas had made him sick, and to the doctor who was called, he said, ''The gas got me again.'' The doctor realizing the serious condition of the man, advised his removal to the hospital. He diagnosed the case as one of encephalitis, (brain lesion) and attributed this condition to ''monoxide gas poison.'' The same opinion was expressed by another doctor who was in attendance at the hospital, but not with the same positiveness. He answered in the affirmative the question, ''He died from the effect of carbon monoxide poison in your opinion?'' However, some of his answers to other questions were not so definite. Both doctors testified that encephalitis caused paralysis of the respiratory system with death ensuing.

There seems to be no doubt that the testimony to which we have referred was sufficient to sustain the finding as to the cause of death. There was testimony that might lead to a contrary conclusion, but it is not for us to weigh contradictory testimony. Our inquiry is confined to the question to whether there is sufficient to sustain the award.

Our further inquiry is was there enough *competent* testimony? The objection is urged that the testimony of the witnesses to statements made by the decedent as to what caused him to be sick were mere hearsay and should not have been admitted. There was no objection made to their testimony when received. The failure to raise the objection seems to dispose of this feature of the appeal. "Inadmissible evidence, including hearsay admitted without objection is not a nullity or void of probative force, but is to be given its natural probative effect as if it were in law admissible." Polusky v. Glen Alden Coal Co., 286 Pa. 473; Ford v. Dick Co., 288 Pa. 140, with this qualification that such hearsay evidence may not be the only support for the finding. Wiltbank v. Fire Asso., 293 Pa. 206; Johnston v. Payne-Yost Construction Co., 292 Pa. 509.

As to the statement made by decedent to the doctor there seems to be no doubt as to its competency. When Pataky told the doctor that the gas made him sick, the doctor had a right to repeat such statements as part of the history of the case: John v. Reick-McJunkin Dairy Co., 281 Pa. 543, and cases cited.

We may add that the conclusions reached by the two doctors as to the cause of death, fall well within the limits fixed by the decisions of our courts. The one doctor stated unequivocally that the cause of death was the inhalation of monoxide gas. The testimony in this point could not have been more direct.

The judgment is affirmed.