O'Boyle *v.* Harry Seitz & Sons, Appellants.

Argued March 7, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Edward J. Kelly,* and with him *William J. Fitzgerald, Clarence Balentine* and *John P. Kelly,* for appellants.

*Gomer W. Morgan,* for appellee.

Opinion by Gawthrop, J., May 4, 1932:

On April 5, 1930, Roy J. O'Boyle, an employee of Harry Seitz & Sons, defendants, sustained accidental injuries from which he died April 10, 1930. August 16, 1930, his widow filed with the Workmen's Compensation Board a petition for compensation, which was drawn on a form printed by the board for use in cases of disability. This petition alleged, inter alia, that the husband sustained a fatal injury on premises occupied by John Minich as a result of falling from a tree and landing on a picket fence while he was assisting Minich "in hanging aerial as per defendants' instructions." August 20, 1930, notice of the filing of the petition and a copy thereof was served upon defendants. The latter did not file an answer, but their insurance carrier filed an answer for them August 28, 1930. The answer averred, inter alia, that "claimant was not injured while in the course of his employment," and that "he was doing some work after working hours and was not requested by defendant to do same." In the meantime on August 23, 1930, a second petition was filed by the widow in behalf of herself and two children, upon a form printed for use in cases of a fatal accident to an employee. This petition contained substantially the same allegations as to the cause and circumstances of death as were averred in the first petition. It was not served on defendants and they filed no answer to it. When the case came on for hearing before the referee defendants were not represented by counsel, but Elmer J. White, superintendent of their insurance carrier, appeared for them and conducted the hearing in their behalf. Claimant offered in evidence, without objection, the averments of the second petition, that "Roy J. O'Boyle died ...... as the result of an accident occurring in the course of his employment," and that at the time of the accident he was "assisting John Minich hanging aerial as per defendants' instructions." In addition to this evidence the claimant

testified that she met one of defendants at the hospital soon after her husband had been injured, and that he told her that she need not worry, that "everything would be all right and that the compensation would take care of me and him no matter how long he was in the hospital." She and her brother and her mother testified, without objection, that Minich told them soon after the accident that Chris. Seitz, one of the employers, sent the deceased and himself to install the aerial. The mother of claimant testified also that just after the deceased had been taken to the hospital she heard Chris. Seitz talking over the telephone to his home and that he said that "one of his men was hurt while at work;" and that she also heard Seitz state to a representative of a newspaper that the deceased was employed by him and that "it was in the course of his work that he fell." C. F. Seitz testified that he had no knowledge that O'Boyle and Minich were hanging an aerial on the afternoon of the accident; that they "were off that afternoon" and had no work to do until eleven o'clock P. M., when they were to return to work. Minich testified that he and O'Boyle "were not working for appellants in putting up the aerial," and that he did not tell Mrs. O'Boyle that her husband was helping to install the aerial at the direction of Chris. Seitz. The referee found the injury to have been incurred during the course of employment and awarded compensation. That was affirmed by the board and the court below. On this appeal by the employers two questions are raised: first, whether or not there was any competent evidence to support the finding of the referee that the deceased was in the course of his employment when he was fatally injured; and second, whether an award can be made "based on the allegations in a petition for compensation, which petition had never been served upon the defendants."

It is urged by counsel for appellants that the only evidence that the accident occurred to the deceased

while he was in the course of his employment was "Mrs. O'Boyle's hearsay evidence as to what she says Seitz and Minich told her." This contention is not supported by the record. The statements testified to have been made by Seitz to claimant and others to the effect that "the compensation" would take care of claimant and that the deceased "was hurt while at work" and that "it was in the course of his work that he fell," were not hearsay but admissions, which not only were inconsistent with the position taken later by the witness that the deceased was not in the course of his employment when he was injured, but would warrant a finding that the deceased was in the course of his employment when the accident occurred. Therefore, the case is not one in which the material findings are based on hearsay alone. While it is true that even in compensation cases the material findings may not be based on hearsay alone, "where there is other evidence to establish the material facts, although some hearsay may have been admitted the courts will not for that reason reverse a compensation award": Johnston v. Payne-Yost Construction Co., 292 Pa. 509; Pataky v. Allen Motor Co., 100 Pa. Superior Ct. 343. "Where evidence, incompetent as hearsay, is admitted without objection and is relevant and material to the fact in issue, the court may give it the value of direct evidence and on it base a finding of fact ...... A rule of evidence not invoked is waived: Wigmore, Vol. I, Sec. 18. Inadmissible evidence, including hearsay evidence, admitted without objection is not a nullity or void of probative force, but is to be given its natural probative effect as if it was in law admissible": Poluski v. Glen Alden Coal Co., 286 Pa. 473. Counsel for appellants admit that it has been held that unobjected to hearsay evidence may be considered when there is other competent evidence to establish the material facts. But they urge upon us that this rule should not be applied in this case because their clients were not

represented by counsel at the hearing before the referee and that, therefore, it was the duty of that officer to advise their representative who appeared in their behalf that the hearsay evidence offered was subject to objection, or to exclude the evidence of his own motion. As authority for this contention they rely on Rule 5 of the Workmen's Compensation Board, which provides that when "either a claimant or defendant is not represented by counsel, the referee shall advise him as to his rights, aid him in examining witnesses and give him all assistance which is compatible with the judicial position of the referee." Manifestly this rule was intended to prescribe the duties of the referee in respect to a party who is not represented by an attorney and is not familiar with the procedure before the referee. In our opinion a party who entrusts the defense to a claim to his insurance carrier who files an answer to the petition and sends its superintendent to represent it before the referee is not in a position to complain that the referee failed to give the advice and assistance required of him by Rule 5. Such a person is to be regarded as sufficiently able and qualified to protect the rights of the employer and to need no advice from the referee. In the present case the representative of the insurance company acted in all respects as counsel for defendants, conducted the cross-examination of claimant's witnesses and presented testimony on behalf of defendants. His conduct was calculated to impress upon the mind of the referee that he was sufficiently able and qualified to represent defendants, and that assistance or advice of the referee was unnecessary. It is evident that the company considered itself sufficiently protected by leaving the conduct of the case to its superintendent. If it had any doubt as to his ability to protect its interest and that of the insured, it should have had its attorney present at the hearing.

The only remaining question is whether error was

committed by the referee and the board in basing their findings of fact and grounding the award upon the undenied averments of the second petition which was not served upon defendants and was not answered by them or in their behalf. The second petition differed from the first in form rather than in substance and the two were considered by the referee as one petition. The material issue raised by the first petition and the answer filed to it was whether the accident happened in the course of O'Boyle's employment by defendants. The filing of an answer to the second petition would have raised no other issue. In view of these facts and the statement in the report of the referee that "both these petitions can be considered as one petition," the conclusion is irresistible that the answer to the first petition must be regarded as an answer to both petitions. It denied the material averments thereof. It follows that the allegations of the second petition that the accident occurred in the course of O'Boyle's employment by defendants, and that he was hanging the aerial under defendants' instructions should not have been admitted in evidence. Section 416, Article IV, of the Workmen's Compensation Act, as amended by the Act of June 26, 1919, P. L. 642, provides that every fact alleged in a petition not specifically denied by an answer filed by an adverse party shall be deemed to be admitted by him. But, under this section, an averment of a fact coupled with a conclusion of law is not deemed to be admitted by the adverse party. Therefore, the averment of the second petition that O'Boyle died as the result of an accident occurring in the course of his employment, which contained an averment of a conclusion of law, could not be deemed to be admitted, although it was not denied. The result of the admission of this averment was to permit the referee to base his findings of fact and conclusions of law upon evidence which was not admissible under any circumstances, and which he had no right to consider.

That the board in part grounded its conclusion, that the evidence before the referee was sufficient to sustain the referee's finding of fact, on the undenied allegaations of the second petition is clear, because it states that those allegations "are sufficient to support the referee's findings of fact." As the averment that O'Boyle was injured in the course of his employment was not a pure averment of fact which was deemed to be admitted even if it was not denied, nothing could be predicated upon it by the referee or the board. While we think there was sufficient competent evidence to support the findings of fact made by the referee and the conclusions of law reached, we have no means of determining whether the same findings and conclusions would have been made if the allegations in the claim petition, to which we have just referred, were excluded from consideration. It follows that the award cannot stand.

The judgment is reversed and the record is remitted to the court below, with directions to refer the same back to the board for a rehearing and determination in a manner not inconsistent with this opinion.