### STAFFORD et ux. v. ROADWAY TRANSIT CO. (BARRINGER, Third-Party Defendant).

### BARRINGER v. ROADWAY TRANSIT CO.
Civil Actions Nos. 62 and 63.

District Court, W. D. Pennsylvania.
Sept. 16, 1947.

---

459

For former opinion, see 70 F.Supp. 555.

Thomas B. O'Connor, of Erie, Pa., for plaintiffs Barthol Stafford and Margaret Stafford.

Maurice J. Coughlin, of Erie, Pa., for plaintiff and third-party defendant William Charles Barringer.

Frank B. Quinn, of English, Quinn, Leemhuis & Plate, of Erie, Pa., for defendant Roadway Transit Co.

WALLACE S. GOURLEY, District Judge.

These cases are actions in trespass arising out of an automobile accident which were tried before the Court without a jury.

Findings of fact and conclusions of law were filed by the Court in which the Court found:

"1. In the action of William Charles Barringer against the Roadway Transit Company for personal injuries sustained by him, a right to recover was denied and judgment entered in favor of the Roadway Transit Company, at the cost of the plaintiff, William Charles Barringer.

"2. In the action of William Charles Barringer under the Wrongful Death Statute, the same was dismissed and judgment entered in favor of the Roadway Transit Company, at the cost of the plaintiff, William Charles Barringer.

"3. In the action of William Charles Barringer as Administrator of the Estate of Mary Anne Barringer, deceased, under the Survival Statute, judgment was entered in favor of William Charles Barringer, Administrator of the Estate of Mary Anne Barringer, deceased, against the Roadway Transit Company, in the amount of $3,000.-00, at the cost of said defendant.

"4. In the action of Barthol Stafford for personal injuries and damages sustained by him, judgment was entered against the Roadway Transit Company and William Charles Barringer in the amount of $1269.-00, at the cost of the defendants.

"5. In the action of Barthol Stafford for damages incurred as a result of the injuries sustained by his wife, Margaret Stafford, judgment was entered in favor of Barthol Stafford against the Roadway Transit Company and William Charles Barringer in the amount of $1691.00, at the cost of the defendants.

"6. In the action of Margaret Stafford for personal injuries sustained by her, judgment was entered against the Roadway Transit Company and William Charles Barringer in the amount of $4031.00, at the cost of the defendants."

Motions have been filed by the Roadway Transit Company to open judgment for the purpose of offering additional testimony, together with motions for a new trial, and to set aside the verdict and judgment, or judgment in favor of the defendant notwithstanding the verdict. Said motions being as follows:

(1)

"And now, to wit: February 24, 1947, comes the Defendant, Roadway Transit Company, by its attorneys, English, Quinn, Leemhuis and Plate, and moves the Court to open judgment entered in the above

entitled case in favor of William Charles Barringer, Administrator of the Estate of Mary Anne Barringer, deceased, and take additional testimony of the witnesses, George Kaylor and Ward Emerson Brane, relative exclusively to the extent of the illumination made by the fusees at the scene of the accident as referred to in the Seventeenth Finding of Fact made by the Learned Trial Judge."

(2)

"Roadway Transit Company, the above named Defendant, moves your Honorable Court to grant a new trial in the above and assigns therefor the following reasons:

"1. That the Learned Trial Judge erred in directing that judgment should be entered in favor of William Charles Barringer as Administrator of the Estate of Mary Anne Barringer, deceased, and against the Roadway Transit Company.

"2. That the verdict was against the evidence.

"3. That the verdict was against the weight of the evidence.

"4. That the verdict was against the law.

"5. That the Learned Trial Judge erred in his tenth Finding of Fact, which said Finding is as follows:

" '10. That at the time and place of said collision, William Charles Barringer was operating the motor vehicle owned by Barthol Stafford and was solely responsible for the operation and control of said vehicle.'

"6. That the Learned Trial Judge erred in his twentieth Finding of Fact, which Finding is as follows:

" '20. * * * However, the rear lights were not discernible for a distance greater than 100 feet due to the lights being covered with debris, dirt and other foreign matter, and did not comply with the laws of the Commonwealth of Pennsylvania.'

"7. That the Learned Trial Judge erred in his twenty-first Finding of Fact, which Finding is as follows:

" '21. That said condition of the rear lights of the Roadway Transit Company truck was an act of negligence which contributed to the accident.'

"8. That the Learned Trial Judge erred in his twenty-seventh Finding of Fact, which Finding is as follows:

" '27. That the operator of the tractor-trailer truck of the defendant, Roadway Transit Company, did not operate said vehicle at a rate of speed that was reasonable and proper, having due regard to the traffic, surface and width of the highway, and the circumstances and conditions then and there existing.'

"9. That the Learned Trial Judge erred in his thirty-second Finding of Fact, which Finding is as follows:

" '32. That the operator of the equipment of the Roadway Transit Company did not have lights on the rear of said vehicle which were clearly discernible to approaching traffic at his rear for a distance of 500 feet, but said lights were only discernible for approximately 100 feet.'

"10. That the Learned Trial Judge erred in his thirty-third Finding of Fact, which Finding is as follows:

" '33. That the driver of the tractor-trailer motor vehicle of the Roadway Transit Company was not vigilant, nor did he operate the same in a cautious, careful and prudent manner under the circumstances.'

"11. That the Learned Trial Judge erred in his thirty-fifth Finding of Fact, which Finding is as follows:

" '35. That at the time and place of said accident, the Roadway Transit Company truck was obstructing part of the traveled portion of the right side of said highway.'

"12. That the Learned Trial Judge erred in not making the following as a finding of fact, viz.: That immediately prior to the accident Ward Brane, the driver of the Midwest truck, was waving a fusee endeavoring to attract the attention of the driver, William Charles Barringer.

"13. That the Learned Trial Judge erred in not making the following as a finding of fact, viz.: That one of the lanterns on the rear of the Roadway Transit trailer was removed from the trailer shortly after the happening of the collision and prior to Private Reeder arriving at the scene of the accident.

"14. That the Learned Trial Judge erred in not making the following as a finding of fact, viz.: That the fusee or fusees placed out by the witness Brane could be observed for a distance of more than one mile from the scene of the accident.

"15. That the Learned Trial Judge erred in finding as a Conclusion of Law the following:

" '2. That the original defendant, Roadway Transit Company, was guilty of negligence which contributed to and brought about the accident.'

"16. That the Learned Trial Judge erred in finding as a Conclusion of Law the following:

" '4. That the said accident was caused by the joint and concurrent negligence of the Roadway Transit Company, the original defendant, and William Charles Barringer, the additional defendant.'

"17. That the Learned Trial Judge erred in finding as a Conclusion of Law the following:

" '5. That the defendant, Roadway Transit Company, failed to comply with the specific requirements of the Acts of Assembly of the State of Pennsylvania pertaining to rear lights and flares, and that such failure was negligence.'

"18. That the Learned Trial Judge erred in finding as a Conclusion of Law the following:

" '6. That the tractor-trailer vehicle of the defendant, Roadway Transit Company, was operated in a negligent manner and at a rate of speed that was not cautious, careful and prudent, having due regard to the traffic, surface and width of the highway, and circumstances and conditions then and there existing.'

"19. That the Learned Trial Judge erred in finding as a Conclusion of Law the following:

" '7. That the tractor-trailer unit of the Roadway Transit Company at the time and place of the accident did not carry a rear lamp of a type which exhibited a red light or any light plainly visible under normal atmospheric conditions for a distance of 500 feet to the rear of said vehicle.'

"20. That the Learned Trial Judge erred in finding as a Conclusion of Law the following:

" '12. That the plaintiff, William Charles Barringer, as administrator of the Estate of Mary Anne Barringer, deceased, is entitled to recover against the Roadway Transit Company.'

"21. That the Learned Trial Judge erred in finding as a Conclusion of Law the following:

" '19. That William Charles Barringer as the administrator of the Estate of Mary Anne Barringer, deceased, is entitled to recover against the Roadway Transit Company, in his action filed under the Survival Statute of the Commonwealth of Pennsylvania, in the amount of $3,000.00.'

"22. That the Learned Trial Judge erred in not finding as a conclusion of law that the condition of the rear lights of the Roadway Transit outfit was not in any manner a proximate cause of the accident.

"23. That the Learned Trial Judge erred in not finding as a conclusion of law that the accident was due solely to the negligence of William Charles Barringer."

(3)

"Roadway Transit Company, Defendant in the above entitled case, having presented a motion for a directed verdict which was denied by the Learned Trial Judge, now moves your Honorable court to set aside the verdict in favor of William Charles Barringer, Administrator of the Estate of Mary Anne Barringer, deceased, and against it and to enter judgment in its favor notwithstanding the verdict for the reasons:

"1. That the evidence did not establish any negligence of the Roadway Transit Company which was a proximate cause of the accident.

"2. William Charles Barringer, the only next of kin of Mary Anne Barringer, deceased, having been found by the Court to have been guilty of negligence which was a proximate cause of the accident, the Administrator is not entitled to recover."

Prior to the adjudication of the issues and law in this proceeding, the Court in a

thorough and exhaustive manner gave consideration to the various questions which have been raised in the motions which have been filed for a new trial and for judgment notwithstanding the verdict. No useful purpose would, therefore, be gained in making a detailed reference to the facts and law upon which the conclusion of the Court was based.

I believe it would suffice to state that all of the causes of action arise as a result of a rear-end collision between a motor vehicle owned by the plaintiff, Barthol Stafford, and operated by the plaintiff, William Charles Barringer, and a tractor-trailer motor vehicle owned by the Roadway Transit Company. Barthol Stafford, Margaret Stafford and Mary Anne Barringer were. occupants of the passenger motor vehicle at the time of the collision. For a detailed reference—D.C., 70 F.Supp. 555.

In connection with the motion for a new trial, the defendant, Roadway Transit Company, has requested that the judgment be opened for the purpose of taking additional testimony of witnesses George Kaylor and Ward Emerson Brane, relative to the extent of the illumination made by the fusees at the scene of the accident. No reason was given by the defendant in connection with this request other than it was believed that such testimony should appear on the record and that through an oversight these questions were not propounded to the witnesses at the time they were called to testify.

The law is so settled in connection with the request which has been made that it seems unnecessary to make any comment. It is definitely the rule of law that a new trial or rehearing should not be granted unless the evidence relied on is newly discovered in fact and not such as could have been produced by the exercise of reasonable diligence at the former trial, and is such as will change the prior result. Evidence which is merely cumulative in its nature will not, as a rule, suffice, nor will newly discovered evidence which would only impeach or contradict witnesses. It is not sufficient that the existence or the significance of the evidence may not be known to the parties or attorney at the time of the former trial. Cyclopedia of Federal Procedure, 2nd Ed., Vol. 8, Section 3461.

If such evidence were permitted, it would be purely cumulative or contradictory, and would not change the prior findings of fact and conclusions of law reached by this Court in the evaluation of the facts. The Court also believes that by the exercise of reasonable diligence, said evidence should have been known by counsel for the defendant and its significance could have been evaluated.

The request to open judgment for the purpose of taking additional testimony is, therefore, refused.

In connection with the other reasons presented by the defendant in its motion for a new trial, it must be remembered that it is the duty of the Court in passing upon the motion to consider the testimony in a light most advantageous to the plaintiff. All conflicts therein must be resolved in the plaintiff's favor, and the plaintiff must be given the benefit of every fact and inference of fact pertaining to the issue involved which may be reasonably deduced from the evidence. Flowers v. Dolan, Adm'x, Appellant, 155 Pa.Super. 378, 38 A.2d 429; Bauer, Adm'x, v. Sacks, Appellant, 355 Pa. 488, 50 A.2d 351; Cyclopedia of Federal Procedure, 2nd Ed., Vol. 8, Section 3463, p. 124.

The defendant contends no basic facts exist to support the finding of fact made by the Court as to the condition of the lights on the rear of the truck of the defendant at the time that a member of the state police arrived at the scene of the accident. In this connection the testimony was contradictory as to whether or not one of the lanterns had been removed from the rear of the truck. Furthermore it does not appear that the lantern was found subsequent to the accident in an investigation made by a member of the state police.

The testimony presented in connection with the condition of the lights on the rear of the truck was definite that they were all covered with road debris and dirt, and were not clearly visible. Even assuming that the lamp had been removed, in connection with which fact I am not convinced, there

is no reason why this lamp would not have been in the same condition as the lamps which were observed on the rear of the truck.

In addition the defendant did not object to the questions which were asked in connection with the condition of the lamps on the rear of the truck and it is, therefore, not proper to raise said question at this time. Inadmissible evidence, including hearsay evidence, admitted without objection is not a nullity or void of probative force, but is to be given its natural probative effect as if it were in law admissible. O'Boyle v. Harry Seitz & Sons, Appellant, 105 Pa.Super. 135, 160 A. 145; Pataky v. Allen Motor Co., Appellant, 100 Pa.Super. 343; Harrah v. Montour R. Co., 321 Pa. 526, 184 A. 666; Barlow v. Verrill, 88 N.H. 25, 183 A. 857, 104 A.L.R. 1130.

The argument, therefore, amounts to "much to do about nothing."

As to the other questions which have been raised in the motion for a new trial, I believe that the same have all been thoroughly considered and answered in the former opinion of the Court. 70 F.Supp. 555.

The motion for a new trial in each of said cases is, therefore, refused.

The motion for judgment notwithstanding the verdict sets forth two reasons:

1. That the evidence did not establish any negligence of the Roadway Transit Company which was a proximate cause of the accident.

2. William Charles Barringer, the only next of kin of Mary Anne Barringer, deceased, having been found by the Court to have been guilty of negligence which was a proximate cause of the accident, the Administrator is not entitled to recover.

It is argued that the evidence did not establish any negligence of the Roadway Transit Company which was the proximate matter of the accident. The Court thoroughly considered and evaluated the testimony prior to filing its findings of fact and conclusions of law. The reasons expressed by the Court need not be repeated here since in the opinion previously filed, the same were explained in detail together with the basis for the conclusions reached. 70 F. Supp. 555.

It is next contended that since William Charles Barringer, the only next of kin of Mary Anne Barringer, deceased, was guilty of negligence which contributed to the death of his wife, a right to recover should not be allowed in his capacity as administrator for the reason that he would be gaining indirectly what could not be secured directly.

The Court considered this question in an exhaustive manner prior to the award being made in favor of the administrator, and counsel have presented no cases for the attention of the court which would justify a different conclusion.

I have previously found that the action under the Survival Statute in the Commonwealth of Pennsylvania was not barred by the Statute of Limitations for the reason that the accident occurred on the 21st day of June, 1942, and the action was filed on June 20, 1944, the period of limitation being two years. 70 F.Supp. 555.

In connection with the motion filed for judgment notwithstanding the verdict or for the entry of judgment in favor of the defendant, I cannot find any just basis under the evidence or the law to modify or change the conclusions of law which have been reached. 70 F.Supp. 555.

The motion to set aside the verdict and judgment, and for judgment in favor of the defendant notwithstanding the verdict is refused.