Davis, Appellant, *v.* Rider.

Argued September 28, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Samuel J. Feigus,* with him *J. R. Smiley,* for appellants.

*Henry R. Beeson,* with him *Wade K. Newell,* and *Higbee, Lewellyn & Beeson,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 27, 1956:

In this action of trespass for injuries sustained by minor plaintiff when struck by defendant's automobile, the jury awarded a verdict for plaintiffs and the court below granted a new trial on defendant's motion therefor. Plaintiffs appeal.

The court gave as its reasons for new trial that "a grave injustice would be done to the defendant", and that "the conflicting, inconclusive, confusing and in some respects *incredible* testimony presented in the plaintiff's behalf, requires us, in order to effect justice, to grant a new trial." (Italics supplied).

An order awarding new trial will not be reversed unless a palpable abuse of discretion by the trial judge is disclosed, or unless an erroneous rule of law controlling the outcome is certified by him as the sole reason for his action: *Foster v. Waybright,* 367 Pa. 615, 80 A. 2d 801. " 'One of the least assailable grounds for the exercise of such power [to grant a new trial] is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded; especially in such a case is an appellate court reluctant to interfere.' ": *Bellettiere v. Philadelphia,* 367 Pa. 638, 643, 81 A. 2d 857.

In the latter case Justice, now Chief Justice, STERN further declared at page 644: "In the present case the learned trial court did not, in so many words, express the opinion that the verdict of the jury was against the weight of the evidence; such a conclusion, however, is clearly inferable from its observations concerning the testimony and its statement that 'in the interests of justice a new trial should be granted.' . . . While we would strongly impress upon trial courts the obvious desirability of stating in detail the exact reasons for which alone a new trial is granted instead of relying upon the mere generality that the 'interests of justice' require it, we are, in the present case, of opinion that the court acted well within its discretion in awarding a new trial . . . in order that the issue involved may be finally determined with greater assurance of a just result."

Where proof depends upon oral testimony it is nevertheless the province of the jury to decide, under proper instructions from the court, as to the law applicable to the facts. But this is subject to the salutary power of the court to award a new trial if it determines the verdict to be contrary to the weight of the evidence.

In the instant case, there was direct conflict between the proof submitted by plaintiffs and that of defendant. If the matter rested there, we would be constrained to reverse. However, the conflict also existed in the testimony of plaintiffs' own witnesses. Benefiting from his presence at trial, and seeing and hearing the witnesses as they testified, the court concluded that plaintiffs' testimony was not only conflicting and inconclusive, but in some instances was incredible. We find no abuse of discretion in the grant of a new trial on those grounds.

It is not questioned that minor plaintiff was struck by defendant's automobile and suffered permanent injuries. But serious doubt as to defendant's negligence is created by plaintiffs' testimony alone. Minor plaintiff's sister, 9 years of age at the time of the accident, testified that she had run across the street after a dog; that when in the center of the street she looked to the left and saw defendant's automobile 20 to 25 feet away; that the defendant swerved "to keep from hitting" her, and in doing so it struck minor plaintiff's head, he being on the curb with his head "bent over." A disinterested witness for plaintiffs testified that the sister had "practically" reached the opposite curb when defendant approached at a speed of 35 miles per hour; that defendant swerved without reason, struck the minor plaintiff and entered upon the sidewalk about 5 feet before stopping; that the automobile remained on the walk for approximately one-half hour; and that the Uniontown firemen's ambulance took minor plaintiff

to the hospital. The mother of minor plaintiff testified she did not see the accident but came along immediately afterwards; that minor plaintiff was lying in the street, 2 or 3 feet from the curb; that she placed the minor plaintiff in defendant's automobile then in the street, and that defendant immediately drove them to the hospital. Not only do defendant's witnesses contradict vital testimony of plaintiffs as to negligence, but it is apparent from the foregoing, *and from the reading of all of the testimony,* that plaintiffs' proof was "confusing and in some respects incredible." Under such circumstances, the court below cannot be charged with a palpable abuse of discretion.

Order affirmed.

Mr. Justice MUSMANNO dissents.