## Gougher, Appellant, *v.* Hansler.

Argued January 11, 1957. Before Jones, C. J., Bell, Chidsey, Musmanno, Arnold, Jones and Cohen, JJ.

*Albert H. Heimbach,* for appellant.

*Thomas D. Caldwell,* with him *Wm. H. Bayer, Carl B. Stoner,* and *Caldwell, Fox & Stoner,* for appellees.

Opinion by Mr. Chief Justice Jones, March 18, 1957:

This suit was instituted by writ of attachment-execution sur judgment for the plaintiff Gougher against the defendant Lloyd Hansler, summoning as garnishee the State Automobile Insurance Association. The plaintiff recovered the judgment at the uncontested trial of his action against the defendant for damages for personal injuries received while he was a passenger

in an automobile driven by the defendant. The automobile was the property of the defendant's father and was covered by a policy of liability insurance issued to the owner. The policy contained an "omnibus clause" which defined the term "Assured" as including, inter alia, "any person while using the automobile . . . with the permission of the named Assured, or, if the named Assured is an individual, with the permission of an adult member of the named Assured's household . . .".

The question for determination in the court below was one of fact as to whether the defendant's use of the automobile at the time of the accident had been with the consent of an adult member of the assured's household. An issue was framed accordingly with the approval of the court and was tried to a jury with the result that the jury found that the defendant had had such consent. On the garnishee's motion, the court below granted a new trial on the ground that the jury's verdict was against the weight of the evidence. This appeal by the plaintiff followed. The propriety of the lower court's action in granting a new trial is the sole question raised by the appeal.

The appellant's burden is a heavy one, and especially so in the light of the questionable character of the evidence adduced by him at the trial to which we shall make reference. As recently as *Davis v. Rider,* 387 Pa. 14, 16, 127 A. 2d 108, we reiterated that "An order awarding new trial will not be reversed unless a palpable abuse of discretion by the trial judge is disclosed, or unless an erroneous rule of law controlling the outcome is certified by him as the sole reason for his action: *Foster v. Waybright,* 367 Pa. 615, 80 A. 2d 801." And we again quoted from *Frank v. W. S. Losier & Co., Inc.,* 361 Pa. 272, 276, 277, 64 A. 2d 829, as we had in *Bellettiere v. Philadelphia,* 367 Pa. 638, 643, 81 A. 2d 857, that "One of the least assailable grounds for the

exercise of such power [to grant a new trial] is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded; especially in such a case is an appellate court reluctant to interfere."

On the question of the defendant's alleged permissive use of the automobile, the plaintiff testified and called as witnesses Hansler, the defendant, Hansler's parents and three other persons, all of the Hanslers testifying to the effect that, although the defendant's operator's license had been suspended (for an unspecified violation of The Vehicle Code), he nevertheless had the implied consent of his father to use the automobile on the day of the happening of the accident and had so used it on several prior occasions in driving to his place of employment; that the keys to the automobile were kept in the kitchen of the family home so as to be readily available to the members of the household; and that on the morning in question the defendant had announced to his mother that he was taking the car to work and she made no response. The witnesses unrelated to the defendant testified vaguely that he had driven the automobile on several occasions shortly before the accident in the period during which his operator's license was suspended.

In cross-examining Hansler and his parents, the garnishee made extensive use of statements which they had given to an adjuster of the garnishee company wherein Hansler had stated that he had driven the car on only one previous occasion during the suspension of his driver's license; that he had been told by his parents that he was not permitted to drive the car while his operator's permit was suspended; and that he took the car without his parents' knowledge or consent on the day of the accident. The statement by Hansler's fa-

ther, which was joined in by his mother, was to similar effect. All of these witnesses admitted making the statements attributed to them and for the most part verified the contents of their statements, contradicting directly only the portions bearing on consent. In such instances, the Hanslers asserted either that the statements had not been recorded as made or that the witnesses could not recall having so stated. The adjuster who was called by the garnishee as a witness for the defense, testified that the statements had been freely given by Hansler and his parents a month and six weeks, respectfully, after the accident; that they were accurate transcripts of what the witnesses had stated; and that they had been examined by the witnesses prior to their signing them. In fact, the defendant Hansler had made an affidavit before a notary public as to the truth of his statement. These statements were introduced in evidence by the garnishee.

The appellant's single assignment of error as defined by his Statement of Questions Involved, is that "the court, believing that the statements were true and [the witnesses'] testimony at the trial false, concluded that such witnesses' credibility had been impeached and the jury should have found for defendant garnishee", and, as a consequence, the court erroneously awarded a new trial. The appellant's analysis of the evidentiary situation does not accurately and fully reflect what the record discloses. In a lengthy opinion, the learned trial judge made a painstaking and detailed review of the evidence and concluded that, "After a full and complete consideration of the evidence offered by the Garnishee-Defendant to impeach the credibility of the witnesses offered by the Plaintiff, after observing the demeanor of the witnesses on the stand, and their failure to be consistent in their testimony, and their evasiveness in answering questions propounded on direct ex-

amination and cross examination and lack of memory on important questions pertaining to the taking and the signing of the statements taken by [the insurance company adjuster] and, particularly, the statement of [the defendant] to which an affidavit was taken that the statement was true and correct, the Court comes to the conclusion that much of the testimony of the witnesses was incredible and that in many respects the testimony of the witnesses was colored to advance their own interests and the statements given by [the plaintiff's witnesses] have served their purpose in impeaching the credibility of the Plaintiff's witnesses; and the Court comes to the conclusion that the question [as to consent] should have been answered 'No,' and a new trial will be granted in order that justice may prevail."

From our examination of the record, it plainly appears that a new trial was awarded not because the statements by the plaintiff's witnesses, rather than their oral testimony, was taken by the court to be true, but because the testimony of the plaintiff's witnesses, embracing that of defendant Hansler and his parents, was deemed unreliable. In short, a new trial was granted because of the conflicting nature of the testimony adduced by the plaintiff and not because of the evidence for the garnishee. Credibility of witnesses is, of course, primarily for the jury's appraisal but when the trial court is satisfied that the verdict returned by the jury was based on testimony that was "incredible," (*David v. Rider,* supra) or "wholly unbelievable" (*Iacovino v. Caterino,* 332 Pa. 556, 560, 2 A. 2d 828), it is the court's bounden duty to grant a new trial in order that the interests of justice may be properly served.

As the case goes back for a retrial, one further matter needs be clarified although it has no bearing on the granting of the new trial. All parties are agreed that the admissibility in evidence of statements, such as

those above mentioned, for the purpose of impeaching a witness' oral testimony by proof of prior inconsistent statements is an exception to the hearsay rule and that the manner in which the statements were offered and received in evidence in the instant case was proper. Self-impeaching evidence, however, from one not a party in interest has no substantive value; and, on that score, the cases relied upon by the appellant are apposite: *Zavodnick v. A. Rose & Son*, 297 Pa. 86, 90, 146 A. 455, and *Scheer v. Melville*, 279 Pa. 401, 404-405, 123 A. 853. But, in the case of a party to the proceeding, a prior statement by him inconsistent with his claim or testimony at trial, while it too has the effect of impeaching his credibility, is also admissible as an admission against interest and, as such, constitutes substantive proof of the truth of the matter therein contained. Its probative worth, of course, depends on its nature and the circumstance under which it was made. 4 Wigmore on Evidence (3rd Ed., 1940), §1048(4) ; 1 Henry, Pennsylvania Evidence, §75. Standing uncontroverted, such admissions, when clear and unequivocal, may properly be used to support a finding of fact: *Lambert v. Polen*, 346 Pa. 352, 355, 30 A. 2d 115; *O'Boyle v. Harry Seitz & Sons*, 105 Pa. Superior Ct. 135, 139, 160 A. 145. Accordingly, in the instant case, it was only the self-impeaching statement of the defendant, which the garnishee offered in evidence, that constituted substantive proof of its content as well as impeachment of his credibility. The statements of the father and mother were limited in their evidentiary function to impeaching their oral testimony at trial and should be so restricted upon the retrial.

There was no abuse of discretion, palpable or otherwise, in the awarding of a new trial.

Order affirmed.

Mr. Justice MUSMANNO dissents.