Commonwealth *v.* Frey, Appellant.

Argued June 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before McCREADY, P. J.

*Frank D. Llewellyn,* for appellant.

*Joseph L. Cohen,* Deputy Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY GUNTHER, J., September 11, 1958:

This appeal is from the order of the court in granting a new trial. On February 25, 1949, appellant, Hattie L. Frey, together with Daniel O. Frye, on behalf of themselves and Jacob O. Frye, their son, applied for public assistance. Hattie L. Frey and Daniel O. Frye were living together since 1939 but never intermarried. Both signed the application for assistance and the affidavit attached thereto in which they stated that the statements made in the application were true. On June 5, 1953, Hattie L. Frey made application for herself and for her son and signed the affidavit attached to the application. On neither ap-

plication did appellant disclose that she had financial resources.

Prior to making application for assistance, on February 24, 1945, a joint bank account was opened by her father in the name of Hattie L. Frey or Jonas B. Frey, her brother, at the Summit Hill Trust Company, Summit Hill, Pa. On the basis of the applications, the Department of Public Assistance made grants totalling $3,780.90 from March 1, 1949 to March 13, 1956. Upon learning that Hattie Frey was an owner of the joint bank account mentioned, the Commonwealth instituted an action of Fraudulent Debtors attachment, alleging that appellant, Hattie L. Frey, fraudulently concealed from the Department of Public Assistance the existence of the joint bank account. In her answer, appellant admitted ownership of the bank account, but only in the sum of $1,038.08 when the assistance was first granted. The Commonwealth moved for a judgment on the pleadings which was denied and a jury trial was held on May 6, 1957. The evidence disclosed that Jonas B. Frey held the bank book and that various deposits were made in said account by appellant's father; that all withdrawals were made by Jonas B. Frey but the funds so withdrawn were used solely by Hattie L. Frey and that the requests for such withdrawals were made always by her.

The jury returned a verdict in favor of appellant and thereafter the Commonwealth moved for judgment n.o.v. and for a new trial. The court below denied the motion for judgment n.o.v. but granted a new trial on the ground that the verdict was against the weight of the evidence. From this order, appellant has taken this appeal.

The basic issue raised on this appeal is whether the court below abused its discretion in awarding a new trial. Since the issue involved at the trial turned on

whether appellant fraudulently withheld information from the Department of Public Assistance relative to the joint bank account, we believe, upon a review of the evidence, that the action of the court below was proper.

The evidence clearly shows that appellant knew of the existence of the bank account and that as early as November, 1950 had requested a withdrawal to be made therefrom for her use. The withdrawal was made and the proceeds were turned over to her. When asked why she did not report this account to the Commonwealth, she answered: "When they interviewed us, I had to answer the question that way, or I would have got thrown out of the house." She further testified that her father had informed her that if she ever needed money it was available and that he put it in the bank; that her father would not give it to her because she would give it to Daniel O. Frye who would spend it for drinks. The testimony of her brother, Jonas B. Frey, co-owner of the bank account, clearly disclosed that she had knowledge of the bank account and that he had no actual interest in said account. All moneys withdrawn were turned over to her.

The evidence also clearly disclosed that had the Commonwealth been informed of this bank account, no assistance would have been granted. Thus, the failure to make known the existence of the joint bank account and the categorical "None" answer given in the application to the question whether she had any bank accounts clearly made out the fraudulent misrepresentation. Under such circumstances, the jury obviously disregarded the credible evidence in arriving at its verdict, and we agree with the court below that a new trial became necessary in the interest of justice. There was adequate reason for granting a new trial and there was no abuse of discretion. *Gougher v. Hansler*, 388

Pa. 160, 130 A. 2d 150; *Davis v. Rider,* 387 Pa. 14, 127 A. 2d 108.

Order affirmed.