UNITED STATES of America, for the Use of: "AUTOMATIC" SPRINKLER CORPORATION OF AMERICA, Plaintiff

v.

MERRITT–CHAPMAN & SCOTT CORPORATION, Fidelity and Deposit Company of Maryland, American Employers' Insurance Company, Aetna Casualty and Surety Company, National Surety Corporation, Maryland Casualty Company, New Amsterdam Casualty Company, Hartford Accident and Indemnity Company, Defendants.

Civ. A. No. 5779.

United States District Court
M. D. Pennsylvania.

Aug. 3, 1961.

Joseph P. Brennan, Scranton, Pa., Joseph C. Coakley, L. E. Oliphant, Jr.

(Squire, Sanders & Dempsey), Cleveland, Ohio, for plaintiff.

John W. Bour (O'Malley, Morgan, Bour & Gallagher), Scranton, Pa., C. H. Welles, III (Welles & Mackie), Scranton, Pa., Manning, Hollinger & Shea, New York City, for defendant.

FOLLMER, District Judge.

Plaintiff (hereinafter referred to as Automatic) was a subcontractor of Raff, who in turn was a subcontractor of the defendant (hereinafter referred to as Merritt-Chapman). Plaintiff instituted its action against Merritt-Chapman (the prime contractor) and the other defendants (sureties), on a Miller Act Bond. Judgment having been entered against it, plaintiff now seeks a new trial.

The facts in the case and the difficulties encountered by this Court in developing the same are fully set forth in the Memorandum filed February 20, 1961. The case was tried without a jury, and there was present at the first session in such trial plaintiff's general counsel, as well as its local counsel. We must assume, therefore, that its general counsel was perfectly familiar with the exhibits introduced at that time, as well as those then available and offered at a later hearing or never offered, which were material to the issue involved, or at least that he had called plaintiff's attention to the proof required to sustain its claim. The Assistant Secretary and Assistant Treasurer of the plaintiff company was also present and testified at the first hearing. Plaintiff therefore was fully aware of what it had submitted and what it had omitted.

Realizing that the proof submitted did not meet the requirements of an action under the Miller Act, 40 U.S.C.A. § 270a et seq.[1] this Court withheld decision and in order to assure substantial justice exercised its discretion by reopening the action and giving plaintiff a further opportunty to establish the material facts, if able to do so. Thereupon an Order was entered as follows:

"Now, October 27, 1960, after considering the transcript of the trial and the exhibits in evidence, the Court is of the opinion that before making a conclusion on the issues presented a further hearing should be held.

"Accordingly, It is hereby Ordered and Decreed that a hearing be set for Monday, November 28, 1960, at 10:00 o'clock A.M., at the United States Courthouse, Scranton, Pennsylvania, at which time plaintiff shall furnish such additional testimony as it may have,

"(1) As to the date of the completion of the work under the various contracts herein involved, and the amounts due and owing under each separate contract,

"(2) As to the exact notice given the prime contractor under the provisions of the Miller Act, 40 U.S.C. § 270b, as to form, content and time, with particular reference to the ninety day period referred to in the Act."

This Order clearly pointed out that a second hearing was being held to enable the plaintiff to "furnish such additional testimony as it may have, (1) as to the date of the completion of the work under the various contracts here involved, and the amounts due and owing under each separate contract." It could not more clearly have notified plaintiff that it should carefully review and remarshal its proof, documentary and oral, if there was any merit to its claim.

1. The balancing of liberal construction with minimum requirements of the Miller Act was demonstrated in this Court's opinions in the related cases of United States of America to the Use of John T. Evanick & Company v. Merritt-Chapman & Scott Corporation et al., 185 F. Supp. 587, and McGregor Architectural Iron Co., Inc. v. Merritt-Chapman & Scott Corporation et al., 150 F.Supp. 323 and United States to Use of McGregor Architectural Iron Co. v. Merritt-Chapman & Scott Corp., 185 F.Supp. 381.

The matter coming on for a second hearing, on November 28, 1960, it became apparent that identification and explanation of certain documents, and proof of the completion dates, were still incomplete and plaintiff's counsel requested an opportunity for another or third hearing the following day, November 29, 1960. This was granted over the objection of defendant.[2] Defendants' New York counsel had participated in the original hearing, had appeared for the second hearing and was, by this further exercise of the Court's discretion in favor of the plaintiff, compelled to remain over for a further hearing the next day.

Now, after judgment entered, plaintiff seeks by motion for new trial to reopen the proceedings in order to introduce additional testimony, and asks this Court in the exercise of its discretion to grant such new trial.

We are not here dealing with after discovered evidence which a party, in the exercise of due diligence, did not ascertain at the time of trial. Plaintiff was fully aware of all of the facts at the time of trial. Even in the case of after discovered evidence as was pointed out in Rowlik v. Greenfield, D.C.E.D.Pa., 87 F. Supp. 997, 1001,

"While in an appropriate case a court should not be hesitant or reluctant to grant a new trial *for the reception of newly discovered evidence theretofore unobtainable with due diligence*, a reasonable regard should be had to the desirability of stability and finality of the trials of causes once carefully had and completed. And new trials should not be allowed simply because after the verdict the losing party has come upon some witness or information theretofore unknown to him or his attorney. *Irrational indulgence in that respect would inevitably make of most trials merely experimental ventures.*" (Emphasis supplied.)

With reference to facts known at the time of trial, it is stated in 6 Moore's Federal Practice, 2d Ed., ¶ 59.08(3), page 3785,

"* * * To warrant a new trial the evidence must not have been known to the movant at the time of the trial; and, moreover, the movant must have been excusably ignorant of the facts, i. e., the evidence must be such that it was not discoverable by diligent search. *A party who has failed to evaluate evidence properly and thereby failed to submit it at the trial, or a party who desires to present his case under a different theory in which facts available at the original trial now first become important, will not be granted a new trial.*" (Emphasis supplied.)

It is important to note that the Court's Order of October 27, 1960, certainly called upon the plaintiff and warned the plaintiff to evaluate its evidence properly.

In Cedar Creek Oil & Gas Company et al. v. Fidelity Gas Company et al., 9 Cir., 249 F.2d 277, 285, the Court, in relation to a failure of an essential element of proof, said:

"Appellants therefore had the burden of proving what constitutes good oil field practice, under such circumstances, in a wildcat area, and that appellees did not conform thereto in the timing of exploratory operations. Appellants failed to maintain this

2. Transcript of Testimony, November 28, 1960, Page 6:

"Mr. Bour: I thought Mr. Brennan was going to ask for another hearing in this case to which we would particularly want to object. We did not object to it in the Armbruster case because it was a small case, but this particular case, as Your Honor knows, is a very involved case with intervenors and claims over against the American Surety Company, and therefore we are going to object if the Court is going to grant them another opportunity to come back in court another day. We are here today. Mr. Gallagher came up from New York.

"This Order in Paragraph 1 was very clear, that the plaintiff should be ready to prove the date of the completion of the work."

burden. The trial court held that there is no evidence in the record as to what constitutes good oil field practice, under the circumstances, in a wildcat area. The court believed that it would therefore be necessary to reopen the case for the taking of further evidence if the case were to be decided on this issue. As indicated above, however, *the lack of such evidence actually constitutes a failure of proof concerning an allegation indispensable to appellants' case. Appellants were not entitled to another opportunity to submit proof on this issue."* (Emphasis supplied.)

In the present case, in contrast with what the Court there said, although dealing with a failure of proof concerning an allegation indispensable to plaintiff's case, the decision was deferred and the case reopened for the further hearings on an order calling attention specifically to the proof deemed necessary. This certainly constituted an exercise of discretion on behalf of plaintiff far beyond that ordinarily accorded. Plaintiff is now asking this Court to do even more by affording another opportunity to submit proof by again reopening, after judgment.

In Stafford et ux. v. Roadway Transit Co., D.C.W.D.Pa., 73 F.Supp. 458, 462, Judge Gourley likewise states the doctrine as follows:

> "The law is so settled in connection with the request which has been made that it seems unnecessary to make any comment. It is definitely the rule of law that a new trial or rehearing should not be granted unless the evidence relied on *is newly discovered in fact and not such as could have been produced by the exercise of reasonable diligence at the former trial,* and is such as will change the prior result. \* \* \* *It is not sufficient that the existence or the significance of the evidence may not be known to the parties or*

*attorney at the time of the former trial.* Cyclopedia of Federal Procedure, 2nd Ed., Vol. 8, Section 3461."[3] (Emphasis supplied.)

In contrast with the foregoing, the evidence here not only was known and could have been produced at the original trial but by the Order of October 27, 1960, reopening the case and giving a further opportunity to submit such proof, the significance of the evidence was made known to the plaintiff. To go beyond this would appear to be an abuse rather than an exercise of discretion, would go beyond an impartial exercise of such discretion and be an utter disregard of and not consonant with the rights of defendants. The exercise of a sound discretion here points only one way. Order will be entered denying plaintiff's motion for a new trial.

---

**3.** See also, Twenty-one Mining Co. v. Original Sixteen to One Mine, 9 Cir., 265 F. 469, 472.