## Robinson v. Charles E. Hires Company

*Appel & Bernstein*, for plaintiff.
*John Paul Erwin*, for defendant.

WINNET, J., June 28, 1943.—Plaintiff was lifting a five-gallon bottle of water, sold by defendant, into an ice cooler. Just as he was inverting it, the neck of the bottle broke in his hand and he was severely cut and injured. The bottle was stamped "loaned, never sold."

Plaintiff brought suit in assumpsit. Plaintiff had alleged in paragraph 3 of the statement of claim: "Defendant thereby impliedly warranted that said bottle was reasonably fit for the use for which it was hired." Defendant in its affidavit of defense said: "In answer to paragraph 3 of plaintiff's statement of claim the defendant admits that the bottle was warranted to be fit

for the use for which it was hired but did not guarantee that it could not be broken by improper or careless handling by any person such as the plaintiff."

At the trial of the case plaintiff testified that he was employed by the Kinsey Distilling Company and that the bottle of water was delivered by defendant to the office of his employer and placed under a table beside the cooler. It remained there a few days, untouched, when he took it out. He testified that he handled the bottle in the normal way, *making the use of it for which it was hired*, grasping it by the neck and lifting it to invert it in the cooler, when it broke. Defendant produced its driver who testified that he handled the bottle the same way plaintiff did, that it did not break and, therefore, there was nothing wrong with it. The argument of defendant's counsel to the jury was that plaintiff must have handled it carelessly. The jury returned a verdict for plaintiff and defendant has filed a motion for judgment n. o. v.

The contention of defendant is that defendant's warranty merely went to the water and did not extend to the container. Among the authorities cited is Coralnick v. Abbotts Dairies, Inc., 337 Pa. 344. Defendant overlooks that the same issue was not involved. In the Coralnick case plaintiff sought to charge defendant with a duty which did not exist legally. In the present case the parties agreed on the duty, which went beyond that which the law would ordinarily imply, and raised a different issue. The issues of a case are defined by, and confined to, the pleadings: Otto, Admx., v. Western Saving Fund Society, 343 Pa. 615, 620; Katz v. Katz et al., 309 Pa. 115, 121. In the Coralnick case the action was in trespass. Plaintiff was injured by a milk bottle which broke in his hand. The pleadings raised the question of the duty that was owing plaintiff by defendant and the court held there was no breach of that duty in that defendant did not warrant that the

bottle was free from defects, and its duty was merely to provide against defects discernible upon reasonable inspection. Here, the action was in assumpsit and defendant itself imposed no such limitation upon its duty and itself defined it. The affidavit of defense in effect said: We agree our duty is to furnish a bottle strong enough to be lifted by its neck and inverted into a cooler; and we did furnish such a bottle. A simple issue was presented to the jury. The testimony of the parties went directly to this issue, plaintiff showing that the bottle was not strong enough to be used in the manner for which it was hired. And defendant showed that it was fit. Only a jury could decide this dispute between the parties.

The motion for judgment n. o. v. is, therefore, dismissed.