## CLELAND v. PETERS.

### Civil Action No. 5514.

District Court, W. D. Pennsylvania.

Oct. 10, 1947.

Maurice Levinson, of New Castle, Pa., for plaintiff.

Lee C. McCandless, of Butler, Pa., for defendant.

WALLACE S. GOURLEY, District Judge.

This matter comes before the Court on motion for a new trial filed by Leslie Warren Peters, one of the claimants in an interpleader proceeding. In this action Blanche Marie Cleland, plaintiff, of the City of Los Angeles, California, and Leslie Warren Peters, defendant, of R. D. No. 1, Prospect, Butler County, Pennsylvania, are both claiming the proceeds of a beneficial insurance policy issued by the Royal Neighbors of America, a beneficial society, which insured the life of Ada B. Peters, late a resident of Butler County, Pennsylvania, in the sum of One Thousand Dollars ($1,-000).

The assured, Ada B. Peters, died December 2, 1945, at Pittsburgh, Pennsylvania. She had named Leslie Warren Peters beneficiary in the policy dated January 20, 1926, and had on or about October 29, 1945, requested the said insurance company to change the beneficiary to her daughter, Blanche Marie Cleland.

The defendant, Leslie Warren Peters, contended that his mother, Ada B. Peters, was mentally incompetent to make said change of beneficiary on or about October 29, 1945.

The insurance carrier, being confronted with two claims for the proceeds of the said insurance policy, paid the sum of One

Thousand Dollars ($1,000) to the Clerk of the United States District Court. Later this Court allowed the said insurance company the sum of One Hundred Twenty-four and 36/100 Dollars ($124.36) for counsel fees and costs that it had incurred.

An issue was framed between the claimants wherein Blanche Marie Cleland became the plaintiff, and Leslie Warren Peters, the defendant. The case was tried in May, 1947, before a jury which returned a verdict for the plaintiff, Blanche Marie Cleland, in the sum of Eight Hundred Seventy-five and 64/100 Dollars ($875.64), being the balance of the fund in the custody of the Court.

The defendant has filed a motion for a new trial alleging—

(1) The verdict was against the weight of the evidence;

(2) The verdict was against the instructions of the Court;

(3) There was an error in that evidence was admitted as to the distribution and amount received by the respective heirs in the Estate of John L. Peters, father of the defendant, and plaintiff was permitted to show how much the estate amounted to and how much was received by Leslie Warren Peters, thus bringing into the case an issue which confused and prejudiced the jury in the issue before them;

(4) An error was made in the trial of the case to the great prejudice of the defendant in that lay witnesses who had qualified by knowledge and association with the deceased were not permitted to express their opinion as to the mental capacity of Ada B. Peters. That an attempt was made to rectify this in that the Court, before closing the case, instructed the jury they could consider these witnesses as having stated the deceased was mentally incompetent, but the defendant feels said statement did not have the weight with the jury that the individual testimony of the respective witnesses would have had and that the same was to his prejudice; and

(5) The jury failed to follow the instructions of the Court and although exhibits were sent out with the jury with instructions to examine the same and make a comparison of the handwriting, the jury returned a verdict, as the defendant is advised, within thirty minutes which shows the jury failed to follow the instructions of the Court and to deliberate on the questions involved.

It is the duty of the court in passing upon the motion of the defendant for a new trial to consider the testimony in a light most advantageous to the plaintiff. All conflicts therein must be resolved in the plaintiff's favor, and the plaintiff must be given the benefit of every fact and inference of fact pertaining to the issue involved which may be reasonably deduced from the evidence. Flowers v. Dolan, Adm'x, Aplnt., 155 Pa.Super. 378, 38 A.2d 429; Bauer, Adm'x, v. Sacks, Aplnt., 355 Pa. 488, 50 A.2d 351; Cyclopedia of Federal Procedure, 2d Ed., Vol. 8, Section 3463, p. 124; Brunswick-Balke-Collander Co. v. Foster Boat Co., 6 Cir., 141 F.2d 882; Worcester et al. v. Pure Torpedo Co., 7 Cir., 140 F.2d 358; Hellweg v. Chesapeake & Potomac Telephone Co., 71 App. D.C. 346, 110 F.2d 546.

It is the obligation of the Court to consider all of the testimony which has been introduced by both the plaintiff and the defendant. Otto, Adm'x, Aplnt., v. Western Sav. Fund Soc., 343 Pa. 615, 621, 23 A.2d 462; 20 American Jurisprudence 140, Sec. 135.

Sanity and mental capacity of a person signing an instrument are presumed, and the burden is on one who alleges the contrary. In the absence of fraud or undue influence, mere weakness of intellect resulting from sickness or old age is no ground for avoiding an instrument when sufficient intelligence remains to comprehend the transaction. Hamilton et al. v. Fay, 283 Pa. 175, 128 A. 837; In re Snyder's Estate, 279 Pa. 63, 123 A. 663; Patterson, Gdn., Aplnt., v. Snider et ux., 305 Pa. 272, 273, 157 A. 612; In re Draper's Estate, 215 Pa. 314, 64 A. 520; Guarantee Trust & Safe Deposit Co., Gdn., Aplnt., v. Heidenreich et al., 290 Pa. 249, 138 A. 764; 13 C.J. 262, 17 C.J.S., Contracts, § 27; 14 R.C.L. Pars. 74 and 75, pp. 622 and 623.

If a person appreciates in a general way who his relatives are, what prop-

erty he possesses, and indicates an intelligent understanding of the disposition which it is desired to make, said person has legal capacity. Neither old age nor its infirmities, including untidy habits, partial loss of memory, inability to recognize acquaintances, incoherent speech will deprive a person of the right to dispose of his property. Aggas, Aplnt., v. Munnell et al., 302 Pa. 78, 152 A. 840; Lawrence v. King, 299 Pa. 568, 150 A. 169.

The question of mental capacity was fairly and impartially presented under proper instructions from the Court, and the jury resolved this question in favor of the plaintiff, Blanche Marie Cleland, and adverse to Leslie Warren Peters.

Ample evidence was introduced by the plaintiff from which the jury had a justifiable basis to find that the assured, Ada B. Peters, had mental capacity at the time that the change of beneficiary was made to Blanche Marie Cleland. In addition thereto, in the presentment of the defense or claim of Leslie Warren Peters, testimony was introduced from which the jury had a sound basis to find that Ada B. Peters had mental capacity on the date that the change of beneficiary was executed in favor of Blanche Marie Cleland.

I do not believe that the verdict of the jury was against the weight of the evidence, and the first reason set forth in the motion for a new trial is denied.

The claimant, Leslie Warren Peters, has set forth as his second reason in support of the motion for a new trial that "the verdict of the jury was against the instructions of the Court."

I have previously stated that the Court thoroughly instructed the jury as to the applicable principles of law which should be considered in evaluating the facts which were introduced in support of the theories of the adverse claimants. At the completion of the charge counsel was asked if there were any additional statements of law or fact which it was desired that the Court make to the jury, which inquiry by the Court was answered in the negative.

In view of what has been stated by the Court in disposing of the first reason for a new trial, and on the basis of the comments just expressed, the second reason set forth in the motion for a new trial is refused.

The claimant, Leslie Warren Peters, has set forth as his third reason in support of the motion for a new trial that "there was an error in that evidence was admitted as to the distribution and amount received by the respective heirs in the Estate of John L. Peters, father of the defendant, and plaintiff was permitted to show how much the estate amounted to and how much was received by Leslie Warren Peters, thus bringing into the case an issue which confused and prejudiced the jury in the issue before them".

In considering this question I will make reference somewhat generally to the facts and circumstances which arose in the trial of this case that resulted in the admission of evidence as to the moneys received by Leslie Warren Peters from the estate of his deceased father, John L. Peters.

Ada B. Peters and John L. Peters had been previously married. Eleven children were born to the first marriage of John L. Peters, and five children were born to the first marriage of Ada B. Peters. One child was born to the marriage of John L. Peters and Ada B. Peters, this child being Leslie Warren Peters, one of the claimants in this action. After the death of John L. Peters an agreement was executed between his twelve children and Ada B. Peters, his widow, wherein she renounced her undivided one-third interest in said estate. She agreed to accept as her share in the settlement of said estate an undivided one-thirteenth interest. In this agreement no benefit was derived by the five children of Ada B. Peters which were born to her first marriage, one of said children being the plaintiff in this action, Blanche Marie Cleland.

Counsel for the plaintiff, Blanche Marie Cleland, had offered to introduce in evidence a copy of the agreement to which I have just made reference. Upon objection being made by counsel for Leslie Warren Peters that the same was incompetent, irrelevant and immaterial, the objection was sustained and the offer denied.

█ It was believed improper at that time to permit in evidence irrelevant testimony which might tend to draw the minds of the jury from the issue, and to prejudice, confuse or mislead them. Short, Aplnt., v. Allegheny Trust Co., 330 Pa. 55, 198 A. 793; Henry on Evidence, 2d Ed., p. 14, Section 8.

However, in the presentment of the defense and during direct examination of Leslie Warren Peters, inquiry was made as to whether or not Ada B. Peters had ever given money to him. He answered unequivocally that he had received nothing from his mother other than what she had given to him when he was a child. In the cross-examination of Leslie Warren Peters questions were asked in an effort to establish that this statement made by Peters was not true. In this connection inquiry was made as to whether he had not benefited financially by the act of his mother, Ada B. Peters, in relinquishing her one-third interest in the estate of her deceased husband, John L. Peters, which resulted in Leslie Warren Peters receiving, along with his eleven other brothers and sisters, a one-thirteenth interest from the estate of his father.

It must be further kept in mind that in the plaintiff's case it was developed that one of the reasons which prompted Ada B. Peters to change the beneficiary from Leslie Warren Peters to her daughter, Blanche Marie Cleland, was due to the fact that Ada B. Peters had previously given moneys to her son, Leslie Warren Peters.

The Court, therefore, overruled the objection made to this line of inquiry for the reason that it was believed said testimony was relevant in view of the inquiry made of Leslie Warren Peters during his direct examination. In a later part of the presentment of the case of the defendant, this agreement which set forth the election of Ada B. Peters to accept a one-thirteenth interest in the estate of her husband and to renounce her one-third interest was offered in evidence, to which counsel for Blanche Marie Cleland offered no objection.

█ The cross-examination of a witness may embrace any matter germane to the direct examination, qualifying or destroying it, or tending to develop facts which have been improperly suppressed or ignored by the party who was called as a witness. Short, Aplnt. v. Allegheny Trust Co., 330 Pa. 55, 198 A. 793.

█ I believe the cross-examination of Leslie Warren Peters was proper. The evidence solicited thereby did not relate to collateral facts such as would tend to divert the minds of the jury from the real issue, and would not, therefore, prejudice or mislead them in their adjudication of the factual issue as to whether or not Ada B. Peters had mental capacity and was well aware of her act and deed when the beneficiary was changed.

The third reason set forth by the defendant in the motion for a new trial is refused.

The claimant, Leslie Warren Peters, has set forth as his fourth reason in support of the motion for a new trial that "an error was made in the trial of the case to the great prejudice of the defendant in that lay witnesses who had qualified by knowledge and association with the deceased were not permitted to express their opinion as to the mental capacity of Ada B. Peters; that an attempt was made to rectify this in that the Court, before closing the case, instructed the jury they could consider these witnesses as having stated the deceased was mentally incompetent, but the defendant feels said statement did not have the weight with the jury that the individual testimony of the respective witnesses would have had and that the same was to his prejudice."

█ The Court permitted considerable latitude in the examination which was made of various witnesses called in behalf of Leslie Warren Peters which related to the condition and actions of Ada B. Peters for some period of time, both before and after the change of beneficiary was executed. Although the real question was the mental capacity of Ada B. Peters at the time the change of the beneficiary was made, the Court was aware that evidence of her condition for a reasonable period of time, before and after, should be properly received as corroborative or informing as to the condition which existed on the day that the instrument was executed. Aggas,

Aplnt., v. Munnell et al., 302 Pa. 78, 152 A. 840.

Inquiry was permitted as to the detailed facts and circumstances surrounding the activities of Ada B. Peters, both before and after the instrument was executed, as to all witnesses. In connection with two of the witnesses called by Leslie Warren Peters, an expression of opinion was not asked as to whether or not Ada B. Peters had mental capacity to execute the instrument. An objection was made to this question as to other witnesses by counsel for Blanche Marie Cleland on the basis that it called for a conclusion by persons who were not qualified to express an opinion, and the Court sustained the objection.

In view of the position taken by respective counsel in connection with the right of the witnesses to express an opinion, the Court, after reading the case of Patterson, Gdn., v. Snider et ux., 305 Pa. 272, 157 A. 612, called counsel into chambers and discussed the matter in detail. Counsel for Leslie Warren Peters was advised that he would be permitted to recall any or all of the witnesses who had explained the activities of Ada B. Peters, and ask the opinion of said witness or witnesses as to the mental capacity of Ada B. Peters. Counsel advised that all of said witnesses were not in the court room. The Court stated he could call the witnesses who were there and that the case would be continued, if he so desired, until the witnesses could be made available. Counsel advised he did not desire a continuance in order to secure the return of the witnesses which he had excused. It was then suggested by the Court that the witnesses who were available be recalled and an opportunity would be given to express their opinion. The Court would instruct the jury that if the witnesses who had been excused were recalled, they would express a similar opinion that "mental capacity did not exist."

Counsel then stated it would be satisfactory and agreeable to him if the Court would instruct the jury that all witnesses who had testified to the conduct and actions of Ada B. Peters, if recalled, would express an opinion that mental capacity did not exist to execute the instrument which changed the beneficiary from Leslie Warren Peters to Blanche Marie Cleland. This procedure was followed.

At the completion of the comment made to the jury, the Court asked counsel for each claimant whether or not there was any additional statement which they desired the Court to make, to which no answer was made. At the completion of the Court's general charge, counsel was again asked whether or not there was any additional statement which it was desired that the Court make to the jury, and at this time the answer was in the negative. Furthermore, counsel for Leslie Warren Peters took no general or specific exception to the Court's charge.

■ The important question before the jury was the mental capacity of Ada B. Peters at the time said instrument was executed. Since the witnesses were permitted to testify as to their observations, I do not see how any prejudice could have arisen to Leslie Warren Peters in view of the instructions given by the Court to the jury, which procedure was agreeable to counsel for Leslie Warren Peters.

■ Irregularities in the admission of evidence which is presented without objection is not a nullity or void of probative force. O'Boyle v. Harry Seitz & Sons, Aplnts., 105 Pa.Super. 135, 160 A. 145; Pataky v. Allen Motor Co., Aplnt., 100 Pa. Super. 343; Harrah v. Montour R. Co., 321 Pa. 526, 184 A. 666; Barlow v. Verrill, 88 N.H. 25, 183 A. 857, 104 A.L.R. 1130.

Counsel as a member of the Bar of this Court, in which he conducts his clients' cause, owes a duty to the Court to speak in a reliable, sincere and trustworthy manner. The Court accepted and relied on the statement of counsel as to his satisfaction and approval. It appears to me very irregular for counsel to now assign, as one of his reasons for a new trial, something to which he professionally and ethically had once agreed.

The fourth reason set forth by the defendant in the motion for a new trial is refused.

■ In connection with the fifth reason set forth in the motion for a new trial that "the jury failed to follow the instructions

of the Court and although exhibits were sent out with the jury with instructions to examine the same and make a comparison of the handwriting, the jury returned a verdict, as the defendant is advised, within thirty minutes which shows the jury failed to follow the instructions of the Court and to deliberate on the questions involved," the Court has no right to inquire into the circumstances under which the jury in their deliberation reached a verdict.

The fifth reason set forth by the defendant in the motion for a new trial is refused.