## Layne v. Phillips, etc.

*Samuel Kohn,* for plaintiff.

*Joseph T. Maiorello,* for defendant.

SLOANE, J., December 16, 1948.—Two objections are raised to this petition to stay the trial and for arbitration: Arbitration does not apply; the petition

is behindhand. The first head of objection has no worth; as to the second, plaintiff, whose objections they are, stands differently.

1. Plaintiff claims that the contract between him and defendant is for personal services, thus taking it out of arbitration; he points to the exception in section 1 of the Arbitration Act of April 25, 1927, P. L. 381, 5 PS §161—the section that makes an arbitration provision in any written contract "except a contract for personal services, . . . valid, irrevocable, and enforceable, . . ." The long and short of the relationship between plaintiff and defendant is a written contract whereby defendant, an actor's agent, undertook to secure and guarantee engagements for plaintiff, an actor, for a consideration—a percentage of what plaintiff-actor would get from those engagements. From that relationship, I do not see one of personal service; certainly, when I follow the master-and-servant line drawn by other judges. See Kaplan et al. v. Bagrier et al., 12 D. & C. 693; Couzens v. Wachtel et al., 64 D. & C. 459, 462.

2. The parties have squared to their issue. To the amended complaint, defendant filed an answer, new matter and counterclaim (noting an endorsement thereon that plaintiff had demanded a jury trial), and plaintiff replied to the new matter and counterclaim. The fact is that the case, though still untried, was twice on the trial list. The petition is thus late (see Amberlavage v. Lehigh Valley Coal Co., 8 Schuylkill Register 143), for the statutory requirement is plain that such petition or application for arbitration must be made before the case is at issue: [1] Act of 1935, P. L. 400,

---

[1] The pleadings in the case have been completed. See Pa. R. C. P. 1017. The case is therefore at issue, for "The issue is made out by the pleadings, under the law": De Reeder et al. v. Travelers Insurance Co., 329 Pa. 328, 335. See Otto, Admx., v. Western Saving Fund Society, 343 Pa. 615, 620; Anflick v. Gruhler et al., 353 Pa. 470, 472.

sec. 1, amending the Arbitration Law of 1927, P. L. 381, sec. 2, 5 PS §162. The amending act set up the very point before us for it makes conditional the stay of proceedings brought in violation of an arbitration agreement, that is, "on application of one of the parties *made before the suit or proceeding is at issue.*" (The amendment is italicized.) To secure quick finality of decision on the order the amending act (in section 2(*b*), 5 PS §175) provides for appeal "as in cases of final judgments", and for early hearing: "Such appeal must be taken and perfected within thirty days from the date when the order is made, shall be made returnable on the third Monday after it is taken, and shall be placed by the appellate court at the head of its argument list for civil cases, to be heard at the earliest date, consistent with its rules governing the presentation of appeals."

In this case, defendant hovered over arbitration, but did not apply for it to the court [2] till now. He raised the question by preliminary objections, but that is not an application for reference of the matter to arbitration (see Landy Co. v. Saulsbury Canning Co., 56 York 201). He raised the question in his answer (new matter), but again all he did was to point out that the contracts between the parties call for arbitration and that plaintiff has not petitioned or applied: "Defendant avers that plaintiff has made no effort to submit his claim to arbitration as heretofore provided, although plaintiff knows that defendant is willing that it be submitted." Willingness, even if the better half of fulfillment, is still only half, and defendant's willingness should have propelled itself betimes to the present petition. Defendant himself apparently did

---

[2] Defendant's brief sets forth correspondence between counsel in which defendant calls for arbitration, but this is not part of our record, and submission to arbitration was never actually made by either party.

not think the words spoken in his "new matter" served the purpose of a petition for arbitration, since finally he did file the present one. It may be as the high court of New York has said, that "By tradition a defendant may ordinarily let a sleeping dog lie until he is in danger of being bitten; though he may play with the danger too long": Matter of Haupt v. Rose, 265 N. Y. 108, 111. In that case, in a State that as far as I can find has no case-at-issue limitation in its Arbitration Act (see Gilbert-Bliss, Civil Practice of New York, Book 6B, sec. 1451), arbitration was permitted following service of an amended complaint and before the time to answer had expired, thus before an issue was framed. In another case (in an opinion by Cardozo, when chief judge), waiver or abandonment of the benefits of arbitration was held not to be inferred from the mere commencement of an action under a contract, in the absence of notice that a controversy existed: Newburger v. Lubell, 257 N. Y. 383. Whether under the earlier, unamended Act of 1927, waiver, abandonment, relinquishment or laches of the right to arbitration is a matter of time, conduct or word, as seems to be indicated by other cases[3], is not a question in view of the precise language of the late amending Act of 1935. It is because of the amending act that I consider the arbitration provisions unavailing at this stage of the proceedings and decide that the petition must be refused.

Petition refused.

---

[3] See Bank of Madison v. Graber et al., 158 F. (2d) 137 (C. C. A. 7) ; Matter of Zimmerman v. Cohen, 236 N. Y. 15; Matter of Hosiery Mfrs. Corp. v. Goldstein, 238 N. Y. 22; Matter of Young et al. v. Crescent Development Co., 240 N. Y. 244; Short et al. v. National Sport Fashions, Inc., et al., 264 App. Div. (N. Y.) 284. For collected cases, see 117 A. L. R. 299 et seq.; 161 A. L. R. 1429 et seq.