Zavodnick, Appellant, v. A. Rose & Son.

Argued April 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Edward N. Polisher,* with him *Max Aron,* for appellant.—There was sufficient evidence produced by plaintiff on which the jury could base its verdict for plaintiff: Fuller v. Coal Co., 268 Pa. 328; Wiles v. Emerson-Brantingham Co., 267 Pa. 47; Simon v. Myers, 284 Pa. 3; Hunter v. Pope, 289 Pa. 560.

Plaintiff produced evidence of facts and circumstances which warranted the jury in finding that deceased was on the truck of defendant on invitation or permission of defendant's driver: Kierkowski v. Connell, 253 Pa. 566.

The inferences were properly and legitimately drawn by the jury: Ryan v. Granite Co., 266 Pa. 105; Helfrich v. Curnari, 78 Pa. Superior Ct. 449; Caplan v. Transit Co., 92 Pa. Superior Ct. 251.

Notwithstanding the alleged instructions given to the driver not to permit the riding of others on defendant's trucks, there was evidence produced by plaintiff of an unbroken custom persisted in for a long period of time by which defendant's customers were permitted to ride on defendant's trucks for purposes connected with defendant's business: Moon v. Matthews, 227 Pa. 488; Guinney v. Hand, 153 Pa. 404; Simmons v. R. R., 199 Pa. 232; Luckett v. Reighard, 248 Pa. 24; Paiewowsky v. Joffe, 129 Atl. 142.

Deceased was on the truck with the permission, knowledge and consent of defendant's driver for a purpose connected with the furtherance of the master's business: Bennett v. R. R., 102 U. S. 235; Jackson v. Grayson, 13 Pa. Dist. Rep. 467; Cody v. Venzie, 263 Pa. 541.

It was for the jury to determine whether deceased was guilty of contributory negligence: Gonnerton v. Canal Co., 169 Pa. 339; Smith v. Electric Co., 255 Pa. 165.

*Layton M. Schoch,* for appellee.—The deceased was a mere licensee and the defendant owed him no duty other than to refrain from wilful conduct to his harm: Hartigan v. Public Ledger, 291 Pa. 588; Mudano v. Transit Co., 289 Pa. 51; Hughes v. Transfer Co., 269 Pa. 222.

The deceased assumed not only the risks of riding, but the particular risk of his position on the truck: Schomaker v. Havey, 291 Pa. 30; Robinson v. Ice Co., 292 Pa. 366.

Opinion by Mr. Justice Walling, May 13, 1929:

The defendant corporation, A. Rose & Son, was engaged in furnishing paper mill supplies in Philadelphia. In the business it used a large auto truck with a covered driver's seat in front, back of which was an open platform seven feet wide and twelve to thirteen feet long with stakes or stanchions at the sides. It was driven by a man named Johnson and used in collecting bales of waste paper and other material. Jacob Zavodnick, plaintiff's husband, was a junk dealer located at or near Manayunk, a suburb of Philadelphia, from whom the defendant was in the habit of buying waste paper. In the winter of 1926, Zavodnick selected a place in Manayunk to which he desired to remove his business and arranged with defendant's manager to bring the fire marshal, whose consent was necessary to the removal, to meet him at the new location on February 22, 1926. Zavodnick came, but by some mischance they failed to meet him. Defendant's driver came by and after some talk Zavodnick climbed on the truck as it was starting toward the city. The truck was driven south on Twenty-Seventh Street and at the intersection of Somerset Street a wheel thereof struck a depression, some six inches deep, caused by the settling of a manhole. This jolted the truck so that Zavodnick, who was standing on the platform holding onto a stake, was thrown to the pavement and killed. The suit brought for the damages caused thereby resulted in a verdict for plaintiff and from judgment entered for the defendant non obstante veredicto she took this appeal.

An examination of the record discloses no sufficient evidence to support the verdict. Before the owner of a delivery truck can be held liable for injury to one whom the driver has permitted to ride thereon authority from the owner for such permission must be shown; here it was not. An employer is liable for the acts of his servant only when done in the scope of his employment: D'Allesandro et al. v. Bentivoglia, 285 Pa. 72. Per-

mitting passengers to ride upon a transfer truck is not prima facie within the scope of the driver's employment: Hughes v. Murdock S. & T. Co., 269 Pa. 222. The unauthorized act of the servant in suffering a third party to ride upon a truck cannot impose upon the master the duty of safe carriage or make him liable for an injury the party may suffer from the act of the servant unless it be wilful or wanton (see Hartigan et al. v. Public Ledger, 291 Pa. 588; Lafferty et al. v. Armour & Co., 272 Pa. 8), of which there is here neither allegation nor proof. Both defendant's manager and the driver, called by plaintiff, not only say there was no such authority, but that the driver had been forbidden to take any one on his truck, and there was no other proof on the question. True, plaintiff was permitted to cross-examine the driver as an adverse witness, and then to offer proof that he had made statements at the coroner's inquest tending to show that the deceased was permitted to ride because a customer. These statements were denied by the driver and were clearly incompetent as independent evidence, and did not tend to establish the facts therein stated; their only competency was to discredit the driver's testimony. Evidence of contradictory statements made by witnesses is admissible only for the purpose of contradiction, and not to establish the facts stated in that evidence: Scheer v. Melville, 279 Pa. 401. It is elementary that the agency to do the act in question cannot be established by the declarations of the agent. See Bunting v. Goldstein et al., 283 Pa. 356; First National Bank of Davidsville, Pa., v. St. John's Church, Windber, Pa., 296 Pa. 467. It would be unthinkable to permit a plaintiff to make out his case by what some one he called as a witness had said out of court. Defendant was not a party at the coroner's inquest nor bound by what was there said. There was evidence that occasionally the driver permitted someone to ride on the truck in taking loads to scales to be weighed, but not sufficient to form a custom or to bring home knowledge thereof to the master. More-

over, they were on no such errand at the time of the accident in question. Again, the driver's testimony that he did not know the deceased had boarded the truck or was riding thereon was uncontradicted. If true, neither the driver nor the defendant was responsible for his safety.

Even if the defendant was responsible for the act of the driver and the latter was negligent, still plaintiff could not recover because of the contributory negligence of the deceased. As a passenger it was his duty to take the vacant seat by the driver. Making no effort to do so and standing on the open platform hanging to a stake was negligence per se. We have uniformly held that unnecessarily standing on the running board of an electric car or on its platform or on that of a steam railway car was contributory negligence. Speaking for the court, in Thane v. Traction Co., 191 Pa. 249, 253, Mr. Justice MITCHELL says: "Where there is room to be seated inside in the passengers' proper place, and no special and sufficient reason is shown why he should not avail himself of it, it is negligence per se to remain on the platform of a moving trolley car." While in Schomaker v. Havey, 291 Pa. 30, the Chief Justice, speaking for the court, says: "Certainly, standing on the running board of a moving automobile is as dangerous as standing on a similar place on a street car, if not more so, and a person who takes such a position on an automobile is guilty of plain contributory negligence"; and see cases there cited. The flat platform of an open truck is a place of at least equal danger. The rule as to the safe position a passenger must assume is not so strictly held where he is injured by the wrongful act of a third party against whom the suit is brought. See opinion of Mr. Justice KEPHART, speaking for the court, in Robinson v. American Ice Co., 292 Pa. 366. The presumption of due care on part of the deceased is rebutted by plaintiff's own witnesses as to how he was riding and the manner of the accident. In view of our conclusions as above

stated, it is unnecessary to consider the question as to the alleged negligence of the driver.

The judgment is affirmed.