## Earll *v.* Wichser, Appellant.

Argued January 11, 1943. Before MAXEY, C.J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

reargument refused March 24, 1943.

*John Leslie Kilcoyne,* with him *Howard I. James* and *John P. Betz, Jr.,* for appellant.

*Webster S. Achey,* for appellee.

OPINION BY MR. JUSTICE DREW, January 29, 1943:

Plaintiff brought this action in trespass to recover damages for injuries sustained when he was jolted from the tailboard of a truck owned and operated by defendant. The jury having returned a verdict in plaintiff's favor, defendant took this appeal from the judgment entered thereon, assigning as error, inter alia, the refusal of the learned court below to grant his motion for judgment n. o. v.

According to plaintiff's evidence, which is taken as true and viewed in the light most favorable to him, on September 17, 1939, he attended a picnic given by a

lodge of which he and defendant were members, in a grove five miles from Bristol, in Bucks County, Pennsylvania, where they resided. At about seven o'clock that evening, plaintiff assisted in loading tables, trestles, and empty tubs and crates onto defendant's Chevrolet truck, a vehicle with closed cab and open body whose sides were a foot and half high. It had an eighteen-inch-wide hinged tailboard which was held in a horizontal position by chains at each end extending at a forty-five degree angle to the sides of the truck. When the loading was completed, defendant said to plaintiff and two others: "Come on, fellows, I will take you home." Although there was room in the cab for only three persons, the body of the truck contained ample vacant space— four or five feet—to accommodate more. Plaintiff, however, seated himself on the tailboard facing backward with his legs dangling. Defendant took the driver's seat, the other two passengers sat beside him in the cab, and they proceeded homeward at a speed of from forty to fifty miles an hour. When they had almost reached their destination in Bristol, and as the truck was being driven over the crest of a bridge and was "just about the manhole" which protruded two or two and a half inches above the surface of the street, plaintiff felt a severe jolt and was thrown from the truck, sustaining serious injuries.

Upon this evidence defendant is charged with negligence in that with knowledge of plaintiff's position on the truck and the dangers incident thereto he drove at an excessive speed over the raised manhole which he should have seen. While there is some question in our minds as to whether or not plaintiff proved this allegation of negligence, we shall not pass upon it, but assume that the jury was justified in finding defendant negligent and turn to the question of plaintiff's contributory negligence. The rule is well settled in this Commonwealth that where a person chooses a place of danger in preference to one of comparative safety, and by reason of his position is injured, his own act in placing himself

in such dangerous position amounts to an assumption of the risk and he cannot recover even though another contributes to his injury through negligence. Hence, a passenger who rides on the running board of an automobile and is injured through the fault of the driver is, in a suit against the driver, guilty of contributory negligence as a matter of law: *Srednick v. Sylak*, 343 Pa. 486; *Valente v. Lindner*, 340 Pa. 508; *Schomaker v. Havey*, 291 Pa. 30. The same principle was applied to one who elected to ride on the open platform of a truck in preference to sitting in the cab: *Zavodnick v. A. Rose & Son*, 297 Pa. 86, 91. The parallel to the instant case is manifest. The movable tailboard of the open truck, with its tendency at every bump, however slight, to throw the person seated thereon into the air and go out from under him, was obviously not a safe place on which to ride. If plaintiff had sat in the body of the truck, where, according to his own testimony, there was "plenty of room" "right around where I was at", and grasped its fixed sides, rather than the bouncing tailboard and flexible chain, he would not have fallen off. Plaintiff's action in riding on the unsteady tailboard was, in view of the obviousness of the risk and the ease with which it could have been avoided, an act of negligence concerning which reasonable men can have no difference of opinion.

Plaintiff contends, however, that he was not bound to anticipate defendant's negligence in driving at a rate of speed dangerous to plaintiff riding in the position where defendant knew he was and which defendant knew was attended by risks. In support of this contention plaintiff cites *McFadden v. Pennzoil Co.*, 341 Pa. 433, in which we held that plaintiff, though he had ridden in the body of a truck rather than upon the driver's seat, was entitled to assume that the driver, who had stopped and signalled to plaintiff to alight, would not, as he was doing so, negligently back up without warning and run over him. It is at once apparent that in that case plaintiff's negligence in riding in the body of the truck in no way contributed to his injury. In the case now before us, on

the contrary, plaintiff's act of riding on the tailboard directly contributed to his injury. It is beyond dispute that one who rides on a tailboard is in danger of falling off, and for this reason such a person must be held guilty of contributory negligence as a matter of law if he does fall off. If, however, he were hit by another car running into him from behind, and sued the owner thereof, his own contributory negligence would be for the jury, because it is not clear beyond doubt that one who rides on a tailboard will be run into by another vehicle. This is the same distinction as that which we have made in the case of a passenger riding on the running board of an automobile: in a suit against the owner, he is barred by contributory negligence as a matter of law, but as against a third person, his alleged contributory negligence is for the jury: *Srednick v. Sylak,* supra, and cases there cited at page 489.

After a careful study of the record, and giving plaintiff the benefit of every fact and inference properly deducible therefrom, we are convinced that the court below erred in refusing defendant's motion for judgment n. o. v. This disposition renders it unnecessary to discuss the remaining assignments of error.

Judgment reversed and here entered for defendant.