## BUTLER v. BUTLER.
### Civ. A. No. 4370.

United States District Court
M. D. Pennsylvania.
Feb. 10, 1953.

Charles H. Welles, III, Scranton, Pa., for plaintiff.

Eugene Nogi, of Nogi, O'Malley & Harris, Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action brought by plaintiff to recover for personal injuries and damages resulting from an automobile accident. The defendant filed a counterclaim for his personal injuries and damages arising out of the same accident. The case was submitted to the jury and it returned a verdict in favor of the defendant on his counterclaim in the amount of $1,500. Plaintiff now moves for a new trial, contending that the verdict was against the law, the evidence, the weight of the evidence and excessive.

In considering the plaintiff's motion, the Court must view the testimony in the light most favorable to the defendant, including every reasonable inference fairly

deducible therefrom. Masterson v. Pennsylvania R. Co., 3 Cir., 1950, 182 F.2d 793. So viewed the evidence tended to establish the facts as follows:

The accident occurred at a modified "Y" intersection. The road forming the trunk of the "Y" was called the West Clifford-South Gibson Road (hereafter called the Clifford Road), and ran in a north and south direction. The Clifford Road continued north forming the left branch of the "Y". The road forming the right branch of the "Y" was the Uniondale-Lake Idlewild Road (hereafter called the Uniondale Road), and ran in an east and west direction. Both roads were paved and approximately 15 feet wide. There was no stop sign at the intersection.

Plaintiff was driving his automobile in a westerly direction on the Uniondale Road approaching the intersection, intending to turn left (south) on to the Clifford Road.

The defendant was driving a ¾ ton truck in a northerly direction on the Clifford Road approaching the intersection. Defendant stated he intended to continue north on the Clifford Road (the left branch of the "Y"), but when he saw the plaintiff's vehicle approaching the intersection from the east on the Uniondale Road, defendant brought his truck to a stop some 30 feet south of the intersection. Plaintiff's vehicle was travelling 40 to 45 miles per hour as it approached the intersection. Plaintiff made a left turn on to the Clifford Road but came over on to the defendant's lane of traffic (easterly side of West Clifford Road), and struck the defendant's truck on the left front with the left side of plaintiff's car. When the vehicles came to rest, defendant's front left wheel was against the left side of plaintiff's auto at a slight angle so that defendant's truck was pointed northwest. The right rear of defendant's truck was off the easterly lane of the Clifford Road so that traffic moving in a northerly direction on the Clifford Road had to drive on a mound or hill located to the east of the Clifford Road.

Plaintiff's witnesses gave a different version of how the accident occurred. They testified that defendant's directional signal light indicated that he was going to make a right turn onto the Uniondale Road; that plaintiff arrived at the intersection first; and that as plaintiff nearly completed his left turn, defendant's truck struck the left side of plaintiff's car.

The Court finds that there was sufficient evidence from which the jury could find that plaintiff was negligent and defendant not negligent. The fact that the evidence was sharply in conflict is no ground for a new trial. The credibility of witnesses is for the jury, and where there is an evidentiary basis for the jury's verdict, the jury is free to discard or·disbelieve whatever facts are inconsistent with its conclusion, and it is immaterial that the Court might draw a contrary inference or feel that another conclusion is more reasonable. Schirra v. Delaware, L. & W. R. Co., D.C.M.D.Pa., 1952, 103 F.Supp. 812.

However, plaintiff's contention that the verdict was excessive is well taken. As a result of the accident, defendant sustained the following pecuniary damages:

| | | |
|---|---|---|
| (1) | Doctor Bills | $ 45.00 |
| (2) | Lost Wages | 240.00 |
| (3) | Damages to Truck | 278.31 |
| | | $663.31 |

The jury therefore must have awarded the difference, $836.61, to the defendant for his pain and suffering. Defendant testified that he sustained a fractured nose and bruises to his elbow, chest and back. He stated that he experienced some pain in his back and had several nosebleeds after the accident, but there was no evidence to indicate that such continued for an appreciable length of time.

In view of the minor injuries sustained by defendant, the Court is of the opinion that the amount awarded to the defendant for pain and suffering is excessive and the verdict should be reduced to $900. Plaintiff's motion for new trial will be granted unless the defendant agrees to a reduction of the verdict from $1,500 to $900.

An appropriate order will be filed herewith.