Anna May **PELHAM**, Plaintiff,

v.

**Clayton W. HENDRICKS, t/a Hendricks Coal Company, Defendant and Third Party Plaintiff,**

**Arthur MERRITT, Sr., Third Party Defendant.**

**Arthur MERRITT, Sr. and Ethel Merritt, his wife, Plaintiffs,**

v.

**Clayton W. HENDRICKS, t/a Hendricks Coal Company, Defendant,**

**Arthur MERRITT, Sr., Third Party Defendant.**

**Nos. 4301, 4302.**

United States District Court M. D. Pennsylvania.

July 19, 1955.

Joseph E. Gallagher, Scranton, Pa., for plaintiffs.

Richard H. Warren (of Harris, Warren, Hill & Henkelman), Scranton, Pa., for defendant.

WATSON, District Judge.

These actions were brought to recover damages alleged to have been sustained by the plaintiffs when an automobile in which they were riding collided with a truck owned by defendant and operated at the time by his employee. The actions were consolidated for trial and verdicts were entered in favor of the defendant after the jury, in response to special questions submitted to them

by the Court, answered in the negative the question whether the driver of defendant's truck was negligent in the operation of the truck which negligence was a proximate cause of the accident.

Plaintiffs now move for a new trial. They have assigned five reasons in support of their motion. The first two reasons are combined in the third which states that the verdict is contrary to the law and the evidence. The fourth and fifth reasons state that the verdict is contrary to the weight of the evidence and contrary to the credible evidence. The Court will first consider plaintiffs' contention that the verdict was contrary to the weight of the evidence. In passing upon this contention the Court must consider the evidence in the light most favorable to the defendant. Masterson v. Pennsylvania Railroad Co., 3 Cir., 1950, 182 F.2d 793. On a motion for a new trial the evidence and inferences reasonably deducible therefrom must be viewed in the light most favorable to the prevailing party, and the Court must assume that the jury followed the Court's instructions. Butler v. Butler, D.C.Pa.1953, 109 F.Supp. 914, McLeod v. Union Barge Line Co., D.C.Pa.1951, 95 F.Supp. 366, affirmed, 3 Cir., 189 F.2d 610.

So considered the evidence tended to establish the following facts:

On January 27, 1951, plaintiffs were traveling in an automobile owned and operated by plaintiff Arthur Merritt, Sr. At approximately 9:30 a. m., the Merritt vehicle, traveling west, reached a point on United States Route 209 about eight miles east of East Stroudsburg, Pennsylvania. At approximately this point the Merritt vehicle collided with a truck owned by defendant Clayton W. Hendricks and operated by his employee, John Magrosky. The highway at this point was two lanes and constructed of concrete. At the time of the accident there was a light snowfall and the surface of the highway was covered by a light layer of packed snow. However, visibility was not greatly impaired by the falling snow. To an observer looking from east to west, there was a slight downgrade in the road at this point.

There is a clear conflict in the evidence presented by the parties as to the manner in which the accident occurred. The plaintiffs testified that defendant's truck backed out of a driveway directly into the path of the Merritt vehicle. The defendant alleged that the truck was off the highway to the right of the westbound lane and resting on the shoulder of the road when the collision occurred.

Plaintiffs produced two witnesses who testified that Magrosky, defendant's employee, apologized to the Merritts after the accident and that he stated that he was at fault. Officer James Reilly, a member of the Pennsylvania State Police, testified that, during his interview with Magrosky after the accident, Magrosky informed him that he alone was in the cab of the truck when the accident occurred. He further testified that Magrosky did not mention that Stitzer, Magrosky's helper, had directed him out of the driveway and that he, Officer Reilly, had no knowledge that Stitzer was involved in the accident until the trial of the case began. James Linderman, another of plaintiffs' witnesses, testified that he was employed by Ray Price Motors on the date of the accident, and that following the collision the parties involved retired to his employer's garage. Linderman testified that, while at the garage, Magrosky admitted that the accident was his fault and that he apologized to the Merritts. He testified further that Magrosky told the Merritts that he "* * * backed out on the road right in front of them".

Plaintiffs argue that the jury disregarded the testimony of witnesses Reilly and Linderman in returning a verdict in favor of the defendant. They contend that the position of Stitzer at and before the time of the accident is of prime importance in establishing whether or not Magrosky was negligent in the op-

eration of defendant's vehicle. They contend further that the jury failed to give sufficient consideration to the testimony of Reilly and Linderman and that because of this a new trial should be granted.

■■ There was sufficient evidence from which the jury could determine that the defendant's employee was not negligent. The fact that the evidence was sharply in conflict is not ground for a new trial. Butler v. Butler, D.C.Pa. 1953, 109 F.Supp. 914. Neither Witness Reilly nor Witness Linderman was present when the accident occurred or saw the accident and, therefore, their testimony is admissible not for the purpose of establishing facts as to what occurred at the time and place of the accident, but only for the purpose of attacking Magrosky's credibility. Inconsistent prior statements of a witness may be shown at trial by testimony of other witnesses, but their testimony is not admissible for the purpose of establishing the truth of the facts contained therein, but is competent only for the purpose of affecting the credibility of the witness. Evidence of contradictory statements made by witnesses is admissible only for the purpose of .contradiction and not to establish the facts stated in that evidence. Scheer v. Melville, 279 Pa. 401, 123 A. 853; Zavodnick v. A. Rose & Son, 297 Pa. 86, 146 A. 455; Dincher v. Great Atlantic & Pacific Tea Co., 356 Pa. 151, 51 A.2d 710.

■ The jury accepted as true the testimony of Magrosky and Stitzer and found that Magrosky was not negligent in the operation of the truck despite the testimony of Reilly and Linderman. There was ample credible evidence to support such a finding. The Court has found nothing either in the record or in plaintiffs' argument or brief which would justify the granting of a new trial.

' Plaintiffs' motion for a new trial will be denied.

An order denying plaintiffs' motion for a new ·trial will be filed herewith.