Marion YEAGER, Administratrix of the Estate of Robert W. Trate, Deceased, Appellant,

v.

J. R. CHRIST CO., Inc., William Campbell and Spring Township

v.

WEST WYOMISSING FIRE CO.

Marion YEAGER, Administratrix of the Estate of Robert W. Trate, Deceased, Appellant,

v.

MAST ENGINEERING COMPANY, Inc., and Gerald G. Wassner.

Nos. 15303, 15304.

United States Court of Appeals Third Circuit.

Argued Nov. 16, 1965.

Decided Aug. 8, 1966.

McLaughlin, Circuit Judge, dissented.

Arthur G. Raynes, Philadelphia, Pa. (Richter, Lord, Toll & Cavanaugh, Philadelphia, Pa., on the brief), for appellant in both cases.

Daniel J. Ryan, Philadelphia, Pa. (John J. Walsh, Jr., LaBrum & Doak, Philadelphia, Pa., on the brief), for appellee J. R. Christ Co.

Robert M. Landis, Philadelphia, Pa., for appellee William Campbell.

Norman Paul Harvey, Philadelphia, Pa., for appellees Spring Tp., Mast Engineering Co. and Gerald Wassner.

Before KALODNER, Chief Judge, and McLAUGHLIN and SMITH, Circuit Judges.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

This is an action under the Wrongful Death and Survival Acts of Pennsylvania, 12 P.S. § 1601 and 20 P.S. § 320.601. The rights and liabilities of the parties are governed by local law. The present appeal is from a judgment entered on a jury verdict in favor of the defendants directed by the court below at the conclusion of the plaintiff's proofs. The direction rested on two grounds, hereinafter separately considered. We are required, as was the court below, to view the evidence in the light most favorable to the plaintiff.

On Saturday, December 12, 1959, at approximately 7:30 P.M., the decedent suffered fatal injuries when he either fell or was thrown from the rear platform of a fire truck owned by the West Wyomissing Fire Co.,[1] of which he was a volunteer member. The truck, driven by the defendant Campbell, was moving backward, west to east, along Cleveland Avenue in the 2100 block, at a speed of approximately four to five miles per hour. There were no eyewitnesses to the accident but the evidence offered by the plaintiff was sufficient to establish the following facts and inferences.

From early November of 1959, the defendant J. R. Christ Co. (Company), under contract with Spring Township, had been engaged in the installation of sewer conduits between house lines and the trunk. This work was in progress along Cleveland Avenue in the 2100 block for at least three days prior to the accident, during which time it had rained heavily and intermittently. At each end of the block were two framed barricades, 4' x 4', on which the warning "Road Closed—Construction Ahead" prominently appeared. There is some conflict in the evidence as to the purpose of the barricades, but, whatever their purpose, the street was apparently open to public traffic with the knowledge of the Company. There was no watchman stationed in the area at any time.

On Thursday, December 10, the Company installed a conduit connecting the main sewer to a line on the premises at 2133 Cleveland Avenue, the Klusewitz home. The conduit was laid in a trench three feet in width, eight feet in depth and, from the northerly curb line, twenty feet to twenty-two feet in length. After the installation was completed the trench was back-filled with earth which was topped by a layer of crushed stone. It was discovered after the accident that the fill had settled to a depth of eight to ten inches below the road surface.

On the night of the accident three members of the fire company, including the decedent and Campbell, were assigned the task of pumping water from the flooded cellars of residences in the

---

1. The village of West Wyomissing is a part of Spring Township.

area. The decedent and Campbell met at the fire hall, located within the 2100 block, where they placed a pump weighing approximately two hundred pounds, on the rear of the fire truck. Intending to pick up the third fireman at his home four hundred feet east of the hall, Campbell backed the truck slowly along Cleveland Avenue. The decedent was standing on the rear platform which was large enough to accommodate six or seven men. The platform, eighteen inches in width and seven feet long, was equipped with a hand rail which extended across the rear of the truck. It was raining, the street was well lighted, and the searchlight on the rear of the truck was in operation.

It can be inferred from the physical facts that the accident occurred in the vicinity of the Klusewitz premises where the decedent was found lying near the northerly curb and east of the depressed trench. There was some conflict in the testimony as to the precise location of the decedent's body; in any event it was no farther than thirty feet from the trench. The decedent died en route to the hospital where it was ascertained that he had suffered a crushed chest. It is conceded that the wheels of the truck did not pass over his body.

The truck was parked in the middle of the street a short distance from the trench. There is some conflict in the testimony as to its exact location but it is uncontradicted that it was south and slightly east of the decedent's body. The mud in the trench bore imprints matching the tread on the rear tires of the truck; similar imprints were on the road surface approximately four feet west and six feet east of the trench. There was evidence from which it could have been inferred that the rear wheels of the truck had spun while in the trench.

The pump, which had been placed on the truck earlier, was found under the truck, forward of the rear platform; the scrape marks in the mud on the road indicated that the pump had been dragged eastwardly for a short distance before the truck was brought to a stop. The only deducible inference is that this heavy pump was dislodged from its position on the truck by a violent force.

The testimony given by Campbell at the trial was in conflict with his earlier admissions made to a police officer shortly after the accident and a written statement given to an investigator a few days before trial. The jury could have concluded from the oral admissions and written statement, admissible in evidence against Campbell, that the rear wheels of the truck became stuck in the sunken area created by the settling of fill in the trench above described. It also could have concluded that in an effort to extricate the truck Campbell put it into a forward-backward motion.

The court below found that the decedent had been guilty of contributory negligence as a matter of law. This finding was erroneous. There was evidence from which it could have been inferred that the decedent was contributorily negligent, but the issue was one for the jury.

It is the settled law of Pennsylvania that: "contributory negligence as a matter of law should be declared only in a very clear case and only where the evidence of such is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions as to its existence." Dougherty v. Philadelphia National Bank, 408 Pa. 342, 184 A.2d 238, 239 (1962); Skoda v. West Penn Power Company, 411 Pa. 323, 191 A.2d 822, 827 (1963). A finding of contributory negligence as a matter of law is warranted only if the evidence "inescapably leads to that conclusion." Smith v. United News Company, 413 Pa. 243, 196 A.2d 302, 305 (1964), and the cases therein cited. The evidence in the instant case, viewed in the light most favorable to the plaintiff, failed to meet this rigid criterion.

The defendants argue that the decedent was guilty of contributory negligence as a matter of law in that he voluntarily assumed a position of danger in preference to one of comparative safety. The cases cited in support of this argument are inapposite. See, e. g.: Hall v.

Ziegler, 361 Pa. 228, 64 A.2d 767 (plaintiff standing on an automobile bumper); Earll v. Wichser, 346 Pa. 357, 30 A.2d 803 (plaintiff seated on the tailboard of a truck); Zavodnick v. A. Rose & Son, 297 Pa. 86, 146 A. 455 (plaintiff standing on rear of an open truck). The simple answer to the defendants' contention is that the decedent was standing on a platform specially designed and equipped to accommodate firemen. Under the circumstances of this case any question as to his contributory negligence was one for the jury.

The court below assumed, without deciding, that there was sufficient evidence to permit the jury to find "that one, more, or all of the defendants were negligent." However, it held that: "the evidence with all the inferences that are reasonably deducible therefrom does not in our considered judgment so describe, picture or visualize what actually happened as to enable a jury reasonably to conclude that such negligence, if found, was a proximate cause of" the decedent's fatal injury. It would appear that the court was guided by a precedent which was expressly overruled in Smith v. Bell Telephone Company of Pennsylvania, 397 Pa. 134, 153 A.2d 477, 480 (1959).

■■■■■ "It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. The judge cannot say as a matter of law which are facts and which are not unless they are admitted or the evidence is inherently incredible. Also, it is beyond the power of the court to say whether two or more reasonable inferences are 'equal.' * * * The facts are for the jury in any case whether based upon direct or circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant. * * * The right of a litigant to have the jury pass upon the facts is not to be foreclosed just because the judge believes that a reasonable man might properly find either way. A substantial part of the right to trial by jury is taken away when judges withdraw close cases from the jury." Smith v. Bell Telephone Company of Pennsylvania, supra, at 480.

■■■■■ The plaintiff's case rested almost entirely on circumstantial evidence but this did not foreclose her right to have the issue of proximate cause submitted to the jury. Smith v. Bell Telephone Company of Pennsylvania, supra; Gash v. Lautzenheizer, 405 Pa. 312, 176 A.2d 90 (1961). At the conclusion of the plaintiff's case the posture of the proofs was such that the issue of liability was peculiarly one for determination by the jury. Smith v. Bell Telephone Company of Pennsylvania, supra, 153 A.2d 480; Majors v. Brodhead Hotel, 416 Pa. 265, 205 A.2d 873, 877 (1965); Lear v. Shirk's Motor Express Corporation, 397 Pa. 144, 152 A.2d 883, 887 (1959). The issue of liability becomes one of law for the court only where "the relevant facts are not in dispute and the remoteness of the causal connection between defendant's negligence and plaintiff's injury clearly appears from the evidence." Listino v. Union Paving Company, 386 Pa. 32, 124 A.2d 83, 86 (1956); Bohner v. Eastern Express, Inc., 405 Pa. 463, 175 A.2d 864, 868 (1961). The evidence in the instant case could not possibly warrant the application of this rule.

■■■■■ The directed verdict was predicated solely on the grounds urged by the defendants in support of the motions made at the conclusion of the plaintiff's proofs. The defendants now argue that they were entitled to prevail on other grounds. This argument raises mixed questions of law and fact which were neither considered nor decided by the lower court. In the absence of an adequate evidentiary basis in the record we cannot resolve the questions on this appeal.

The judgment of the court below will be reversed and the action will be remanded with a direction that a new trial be ordered.

McLAUGHLIN, Circuit Judge (dissenting).

The trial judge here was under no misapprehension as to the governing legal principles involved. It was because there were actually no facts from which the jury could reasonably find that the preponderance thereof favored liability that the court granted the defendants' motions for directed verdicts. Assuming that there had been any evidence of negligence on the part of one or more of the defendants, there were no proofs in the case from which the jury could reasonably conclude that such negligence had been proximately connected with the injuries and death of plaintiff's decedent. As the district court rightly held, there is nothing in the record from which the jury (under Smith v. Bell Telephone Co. of Pennsylvania, cited by the majority, and all sound negligence law) could legitimately conclude favored liability on the part of any defendant. The Smith-Telephone Co. decision would not countenance a jury verdict in this trial attained by outright guessing which would have been the situation had the motions for direction been denied.

I would affirm the judgment of the district court.